M. C. BOLEY, et al, *Plaintiffs in Error*, v. THE COUNTY OF ESCAMBIA IN THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed August 2, 1930.

*E. C. Maxwell,* for Plaintiffs in Error;

*Carter & Yonge,* for Defendant in Error.

BUFORD, J.—The County of Escambia in the State of Florida filed a petition to condemn certain lands owned by Boley upon which other defendants claimed liens. The land to be condemned was designated to the county Commissioners of Escambia County by the State Road Department of the State of Florida to be condemned for public highway which was to be a part of a road to be known as Pensacola-Ferry Pass Public Road.

The Respondents filed an answer to the petition to which demurrer was filed and sustained. The allegations of the answer are to the effect that there is a more direct and convenient route which could be obtained without cost; that the Respondent will be injured to a greater degree by the condemnation of the lands proposed than by taking of what is offered as a free right-of-way through his property; that the route sought to be condemned was selected because of the influence of certain individuals and that the selection of this route will interfere with the selection and use of a part of the grounds contemplated for a postal and commercial air-port and flying field.

There is no charge in the answer of fraud. Neither are there sufficient allegations to clearly show an abuse of discretion which may be condemned by the courts.

The order sustaining the demurrer to the answer which is the basis of this appeal should be affirmed on authority of the opinion in the case of Spafford et al v. Brevard County, 92 Fla. 617, 110 So. R. 451, where, on petition for re-hearing, it was said:

"The grantee of the power of eminent domain may determine the location of the land required to

be appropriated in order to accomplish the public purpose in view, and such determination will not be interfered with by the courts if it is made in good faith and is not capricious, or wantonly injurious, or in some respect beyond the privilege granted by the statute.''

It is so ordered.

Affirmed.

WHITFIELD, P. J., and STRUM, J. J., concur.

TERRELL, C. J. and ELLIS, J. concurs in the opinion and judgment.