Eminent domain proceedings by City of Jacksonville against Inland Waterway Development Company to acquire a tract of land, wherein the Jacksonville Baseball Exhibition Company was permitted to intervene and become a party defendant. From an adverse judgment, both defendants appeal.
Affirmed.
The City of Jacksonville exhibited its petition in the Circuit Court, alleging among other things that it was "vested by law with the power of eminent domain to condemn all lands necessary for its corporate purposes." The object of the petition was to acquire title by condemnation to certain lands within the corporate limits of the city for the location of an electric generating plant. The lands described in the petition were owned by Inland Waterway Development Company which was made a party defendant and will hereafter be referred to as the Development Company. Jacksonville Baseball Exhibition Company, a corporation, claiming some interest in the lands, was permitted to intervene and became a party defendant and will hereafter be referred to as the Baseball Company. *Page 677 
Demurrers to the petition challenging its sufficiency in law were proffered by the Development Company and the Baseball Company and were overruled. Answers were seasonably filed by both defendants. The answer of Development Company alleged that it was vested with a fee simple title to the lands described in the petition and charged that the said lands amounted to approximately 36 acres, that such a large acreage was totally unnecessary for the erection of a 60,000 K.W. Electric generation station, the capacity of the station proposed to be erected by the city, that the proposal to exercise the power of eminent domain to condemn such a large area in excess of the normal requirement for that purpose, amounts to an abuse of power and the appropriation of Development Company's property without just cause and should not be permitted.
The answer of the Baseball Company was not materially different from that of the Development Company except that it contained allegations with reference to the proportion and capacity of the electrical generating station in present use by the city as compared with the one proposed to be erected, all of which was to show the want of necessity for the unreasonable exercise of the power of eminent domain to appropriate such a large area of defendant's lands. A motion to strike was granted as to these allegations in the answers of both defendants. A motion to amend paragraph 11 of the answer on the part of the Baseball Company was overruled. The case went to trial and the jury returned a verdict for the city on which final judgment was entered. The city paid into the registry of the Court the amount of the judgment including the sum awarded as attorney's fee.
The Development Company then presented its petition for taxing costs, amounting to $2180.80, which was denied. A motion for new trial and motion in arrest of judgment was likewise denied. Development Company and Baseball Company filed separate appeals which were consolidated by order of this Court. We are concerned at this time with the consolidated appeal.
At the outset the Development Company filed a suggestion to the effect that the consolidated appeal was moot and should be dismissed because of failure on part of the city to pay into the registry of the Court within ten days after final judgment the full compensation awarded by the jury for the condemned property, including costs, the amount in question being $887.50, accruing to the Clerk of the Circuit Court as costs under Section 28.24, Florida Statutes 1941, F.S.A. In an opinion prepared by Mr. Justice Sebring and filed October 29, 1948, under same title as this one, that contention was rejected. Fla., 37 So.2d 333.
It is first contended that the petition to condemn is legally insufficient because it fails to allege the constitutional or statutory authority under which the petitioner proposes to acquire title to the lands in question for municipal purposes.
We do not think there is any merit to this contention.
The petition alleges "that your petitioner, City of Jacksonville, is a municipality under the laws of the State of Florida, and is vested by law with the power of eminent domain to condemn all lands necessary for its corporate purposes." This allegation is followed with a statement of the public use for which the city purposes to acquire said property and that it is necessary for that purpose. Attached to and made a part of the petition is a copy of the resolution of the City Commission reciting these and other facts showing the public necessity for the acquisition. It is further pointed out that Section 167.65, Florida Statutes 1941, F.S.A., authorizes the City of Jacksonville, and other municipalities, to "exercise the right and power of eminent domain, that is, the right to appropriate property" for municipal purposes. Chapter 3953, Acts of 1889, confers similar power on the city and numerous other acts pointed out, authorize the city to own, operate, maintain, extend, enlarge and improve its electric light plant and system as it becomes necessary to do so. So we think the petition is sufficient in law to show petitioner's right to acquire property by condemnation for public use.
It is next contended that prior to empaneling a jury to determine the value *Page 678 
of the lands being condemned, defendants were entitled to a jury trial on the question of whether or not the action of petitioner in seeking to appropriate so large an area of land for the purpose stated was an abuse of the power of eminent domain, when in the opinion of the Court facts were not alleged showing that the petitioner was seeking to condemn a greater quantity of land than was reasonably necessary for the purpose defined in the petition.
In Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527, 65 A.L.R. 488, this Court approved the general rule prevailing in this country to the effect that, unless a corporation exercising the power of eminent domain acts in bad faith or is guilty of oppression, its discretion in the selection of land for condemnation will not be interfered with. If petitioner acts in good faith and shows a reasonable necessity for the lands condemned to supply its present or future business, the application should be granted. Central Hanover Bank Trust Co. v. Pan American Airways, 137 Fla. 808, 188 So. 820; Spafford v. Brevard County, 92 Fla. 617, 110 So. 451; Boley v. Escambia County, 100 Fla. 505, 129 So. 784; Sibley v. Volusia County,147 Fla. 256, 2 So.2d 578.
From these cases it follows that a broad discretion is vested in those clothed with power to determine what property and how much is necessary to condemn for public purposes and the application will not be denied unless a clear abuse of discretion is shown. No question or allegation in either answer warranted the trial court in granting a jury trial on the question of the necessity for taking the lands in question, there are no allegations in either answer showing fraud, bad faith or gross abuse of discretion on the part of petitioner, and no facts were recited in either answer that would warrant a jury trial on the amount of land required by the city.
The next question we are called on to answer is whether or not the petitioner is required to pay the charges of expert witnesses, including the cost of photographs and certified copies of public records procured by the defendant and used as evidence in the condemnation proceeding.
The answer to this question turns on the interpretation of Section 73.16, Florida Statutes 1941, F.S.A., the pertinent part of which provides: "All costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee to be assessed by the jury, except the costs upon the appeal taken by a defendant, in which the judgment of the Circuit Court shall be affirmed."
It is perfectly apparent that the words "all costs of proceedings" in the quoted statute requires the payment of a "reasonable attorney's fee to be assessed by the jury." We can think of no reason why photographs and certified copies of public records would have any place in the proof of "full compensation" or "just value" for lands condemned for public use, but if in the discretion of the trial court such instruments were of use value in a condemnation proceeding, we would not be inclined to hold him in error except upon a very strong showing of abuse of discretion. As to the cost of expert witnesses, the rule generally approved is that the condemnor is not required to pay such costs beyond the amount allowed by law as per diem for ordinary witnesses, the reason for the rule being, that expert witnesses sell their services much as law services and other professional services are sold, he is not required by law to testify hence he must be paid by the one who produces him. Cheatham Electric Switching Device v. Transit Development Company, 2 Cir., 261 F. 792; City of St. Louis v. Meintz, 107 Mo. 611, 18 S.W. 30; City of Los Angeles v. Vickers, 81 Cal.App. 737, 254 P. 687; Cruger v. City of Miami, 113 Fla. 795,154 So. 854; 14 Am.Jur. 35. Just compensation in a condemnation proceeding may have reference to the value of the property condemned and any damage that may be occasioned to property not condemned.
The point is also made that the trial court committed error in refusing to permit the Baseball Company to amend its answer after parts of paragraph eleven were stricken but no such error appears from the record. Likewise the appellants have failed to overcome *Page 679 
the presumptive correctness of the order appealed from.
It follows that the judgment appealed from must be and is hereby affirmed.
Affirmed.
THOMAS, C.J., and CHAPMAN and BARNS, JJ., concur.