SPIANNON, Acting Chief Judge.
Catholic Burse Endowment Fund, Inc., appeals a final judgment in eminent domain proceedings. The action was brought by the State Road Department to condemn a parcel of land, owned by the Fund, for the purpose of using the land as a source of fill for the construction and maintenance of Interstate Highway 75. The trial court granted the Department’s petition for an order of taking, and determined that the *515 Fund recover $56,000.00 from the State as payment for the property. The Fund appeals, on the ground that the selection of its land for use as a “borrow pit” constituted a gross abuse of the State Road Department’s discretion.
The land in question, unimproved when condemned, had been acquired and held by the Fund for use as a Catholic parish, which in the future was to include church, school, convent, and rectory buildings.
The Fund filed an answer to the Department’s petition for taking, alleging generally that in light of the intended use by the church, and the apparent availability of other locations from which fill could be obtained, the State Road Department had abused its discretion in selection of the site for a borrow pit.
Testimony was taken on the issues framed and the trial judge entered an order containing findings of fact which we may summarize as follows: (1) The site in question consisted of 18 to 20 acres, and was located between Florida Avenue and Interstate 75, abutting to some extent upon both. (2) The intended borrow pit would be considerably less than 300 feet from both Florida Avenue and Interstate 75. (3) In ■order to locate the borrow pit on the Fund’s land, the Department had waived its own regulation which required borrow pits to be set back 300 feet from an Interstate right-of-way. (4) The Department’s search for a borrow pit site, except for an examination of the Fund’s property, hád been superficial, but the location chosen was ideal from the standpoint of cost and convenience to the contractor building the the road. (5) From an aesthetic point of view, the location of a borrow pit on the intended site would constitute a blight on the surrounding area, including apparently the view from the highway as well as the surrounding neighborhood. (6) The land was well suited for its intended use by the Fund as a parish site and comparable property in the area was not readily available.
In reaching the decision which was based on these and other findings the trial judge observed:
“There is no question but that the selection was economically sound. This court is of the opinion that, in testing the abuse of discretion, it cannot consider the use to which defendant intended to put this property, regardless of the value such proposed use might have to the community. * * *
“This Court cannot substitute its judgment for that of petitioner if there is room for debate, and, while the petitioner limited the decision to exercise its discretion to a consideration of convenience and cost, the evidence supports its judgment in this area and it cannot be said, regardless of other considerations which it overlooked, that its action in selecting the site was capricious or a gross abuse of discretion.”
In their briefs the parties have expressed their points on appeal in different terms. We believe that the crux of the matter has been succinctly stated in the appellant’s reply brief:
“The basic decision challenged in this case is the selection by the Appellee of the property described as parcel SRD No. 172.1 for use as a borrow pit. In connection with such selection, Appellant alternatively challenges Ap-pellee’s decision to take the fee simple title to said property and Appellee’s decision to take all, rather than a part, of said property.
“Appellant respectfully submits that the standard imposed by law upon the Appellee in the exercise of such discretion is the selection of such property as would combine the greatest benefit to the public with the least inconvenience and expense to the condemning party and the property owner, consistent with such benefit. * * *”
It is undisputed that the condemnation involved here was for a public purpose. *516 In affirming the petition for taking, the trial judge, in effect, applied the theory of law that a condemning authority does not abuse its discretion in selecting property to be used for a public purpose, if the choice is made in good faith and on the basis of permissible criteria. The criteria which the Department used in its selection of the site involved here were economy and convenience, relative to both present construction and future maintenance of the highway.
We believe that the reducing of cost on an authorized project is a legitimate reason for selecting a site to be condemned. We are drawn to this view by the recent decision of United States v. Certain Parcels of Land in Ingham County, Michigan, 233 F.Supp. 544 (W.D.Mich.1964). The issue posed in that case was :
“* * * [I] s the condemnation of property in fee simple absolute for the purpose merely of being a source of fill, palpably to save additional costs which would be incurred if fill were purchased commercially, arbitrary and capricious and, therefore, invalid?”
The court granted summary judgment for the government, holding that the economic motive was sufficient to sustain taking. Harwell v. United States, 316 F.2d 791 (10 Cir. 1963) was relied upon by the federal judge in the Michigan case as support for this proposition. The facts in Harwell were that the federal government, at the request of the Secretary of the Army, instituted eminent domain proceedings in connection with the construction of a dam and reservoir. The property owner resisted, one of his objections being that the condemnation was arbitrary and capricious, apparently because his land was to be use4 only as a source of material for building the dam. In affirming the condemnation judgment, the court said:
“The tract around which this controversy revolves was not part of the area to be inundated, and it was not immediately contiguous or adjacent to the dam site. But extended surveys and tests had disclosed that it was under-laid with a large deposit, sometimes referred to in the record as rock and sometimes as stone, suitable for use as a constituent element in the production of mass concrete aggregate needed in the construction of the dam. The acquisition of the land was desired for the purpose of enabling the private contractor who had the contract with the government to use the rock or stone thereunder for that purpose; and that was the source of the rock or stone used. The condemnation of land for such purpose was an appropriate means of effecting a public end and therefore the determination of the Secretary of the Army of ‘need’ therefor was well within the range of power delegated by the statute, * * 316 F.2d at 793.
Appellant in this case contends that notwithstanding the valid economic reason for selection of a site, other factors should have been considered by the Department. The trial judge expressly found that the Department’s examination of other possible locations was superficial. The appellant contends that the Department’s apparent disregard of factors other than the cost, plus the “arbitrary” limitation of the area from which to obtain fill, amounted to a gross abuse of discretion. Appellant contends that the condemning authority should have considered the Fund’s intended use of the property, the benefit to the community from this intended use, and the effect of the condemnor’s use on the surrounding property from an aesthetic point of view.
Unless a condemning authority acts illegally, in bad faith, or abuses its discretion, its selection of land for condemnation will not be overruled by a court. Inland Waterway Development Co. v. City of Jacksonville, Fla.1948, 38 So.2d 676; Wilton v. St. Johns County, 1929, 98 Fla. 26, 123 So. 527, 65 A.L.R. 488. A court is not authorized to substitute its judgment for *517 that of State Road Department or other governmental body acting within the scope of its lawful authority. See Broward County Rubbish Contractors Ass’n v. Broward County, Fla.App.2d 1959, 112 So. 2d 898, in which Judge Allen said:
“Where a public body is exercising discretionary powers within the orbit of laws affecting them, courts will not assume jurisdiction or exercise power to interfere with such public bodies. Courts will not determine whether or not the action of public officers is wise, economical or advantageous, such questions belonging exclusively to the public officers and boards.” Id. at 903.
In the case now before us, we are unable to hold that the selection of the site by the Department constituted an abuse of discretion, when it is clear that from a cost and convenience standpoint the property was well suited for the construction and maintenance of a public project. The trial judge found that in the area chosen by the Department for borrow pit sites, only one other location was as well suited, but it too was within 300 feet of the highway. We fail to find any arbitrariness in the selection of the Fund’s property over this other parcel. As for a comparison of the chosen site with other less feasible locations, the only question is whether the selection turned on a factor having reasonable significance in regard to the project being undertaken. A decision by a condemning authority based on the standard of economy is not arbitrary per se. United States v. Certain Parcels, supra. We agree with the trial judge that the Fund has failed to show that the Department’s action constituted an abuse of discretion, because judgments regarding relative suitability of lands which would be acceptable involve the kind of expertise which is within the province of the Department. Therefore we affirm the decision as it relates to the selection of the site.
The lower court also held that there was insufficient evidence to support the Fund’s contention that the Department did not need the entire tract of land or to support the contention that the Department needed a lesser estate than a fee simple.
Our duty on appeal as to these points is to determine whether there is substantial evidence to support the finding. Baya v. Central & Southern Florida Flood Control Dist., Fla.App.2d 1964, 166 So.2d 846. We find nothing in the record to justify a reversal on these points. Moreover, the United States v. Certain Parcels case, supra, is sound authority for the proposition that it is not an abuse of discretion to condemn the entire fee simple when the land will be used solely as a source of fill.
As to the size of the tract condemned, we rely on the case of Inland Waterway Development Co. v. City of Jacksonville, supra, in which the Supreme Court said:
“ * * * If petitioner acts in good faith and shows a reasonable necessity for the lands condemned to supply its present or future business, the application should be granted. Central Hanover Bank & Trust Co. v. Pan American Airways, 137 Fla. 808, 188 So. 820; Spafford v. Brevard County, 92 Fla. 617, 110 So. 451; Boley v. Escambia County, 100 Fla. 505, 129 So. 784; Sibley v. Volusia County, 147 Fla. 256, 2 So.2d 578.
“From these cases it follows that a broad discretion is vested in those clothed with power to determine what property and how much is necessary to condemn for public purposes and the application will not be denied unless a clear abuse of discretion is shown. * * * ” 38 So.2d at 678.
Therefore, we find that the trial judge was correct in the law he applied, and there was no error in his finding of fact.
Affirmed.
LILES, J. and McDONALD, PARKER LEE, Associate Judge, concur.