280 So.2d 443 (1973)
HILLSBOROUGH COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
Bobby Leon SAPP et al., Respondents.
No. 42501.
Supreme Court of Florida.
July 11, 1973.
Rehearing Denied October 10, 1973.
*444 William C. McLean, Jr., Tampa, for petitioner.
Albert Cazin and Paul Antinori, Jr., Tampa, for respondents.
Geoffrey B. Dobson, Gen. Counsel, and Barbara Ann Dell McPherson, Asst. Atty., Tallahassee, for amicus curiae, Florida Dept. of Transp.
McCAIN, Justice.
Before us for review on petition for writ of certiorari is a decision of the District Court of Appeal, Second District, 262 So.2d 256, which reversed an order of the Hillsborough County Circuit Court approving the condemnation of respondents' properties by the County. The District Court decision directly conflicts with Boley, et al. v. Escambia County, 100 Fla. 505, 129 So. 784 (1930), and Wilton, et al. v. St. John's County, 98 Fla. 26, 123 So. 527 (1929). We therefore have jurisdiction pursuant to Article V, Section 3(b) (3), Fla. Const., F.S.A.
The order reviewed by the District Court found that the road right of way for which the County was condemning respondents' lands was surveyed and located "in good faith and consistent with the public interest; and that no abuse of discretion was shown... ."
On appeal, the District Court in a divided opinion held that there was an abuse of discretion on the part of the condemning authority. The only basis for this holding was respondents' contention that there is a vast unoccupied wooded area to the east of their homes through which the proposed road could just as easily have been located. The District Court stated:
"... It is inconceivable to us, from viewing the aerial maps and studying the testimony adduced at the hearing, that the State is unable to design a curved highway to accomplish the purposes for which this road is being constructed *445 through the unoccupied area east of appellants' homes and at the same time serve the school now being constructed."
We would agree that the condemning authority had abused its discretion if we felt that the sole criteria it should have considered was whether or not there was an alternate route over unoccupied land. There are, however, many other factors which should properly weigh upon the decisions of which route to select and which land to condemn. Some of those are cost, environmental factors, long-range area planning, and  in this case  the safety considerations necessary when designing a highway next to a school. Some of these factors  cost, for example  involve many sub-factors, such as the value of the land, the engineering problems presented by the terrain, etc. The District Court erred, therefore, in focussing solely on the one issue raised by respondents.
In our oft-cited decision of Wilton, et al. v. St. John's County, supra, we thoroughly discussed condemnation under the eminent domain power and the relationship of the courts thereto. In considering the discretion of a condemning authority, we stated:
"... The landowners cannot object merely because some other location might have been made or some other property obtained which would have been suitable for the purpose... ."
In Boley, et al. v. Escambia County, supra, we considered a situation very similar to this one. In response to a petition by the County to condemn certain lands for highway purposes, the landowners filed an answer which alleged, among other things, that there was a more direct and convenient route which could be obtained without cost. We held:
"There is no charge in the answer of fraud. Neither are there sufficient allegations to clearly show an abuse of discretion which may be condemned by the courts."
The decision of the District Court is clearly in conflict with Wilton and Boley and must be reversed. Even if the decision did not depart from that case precedent, we would be constrained to reverse on another ground. As pointed out by Judge McNulty in his dissent in this case, the majority of the District Court misconstrued its reviewing authority in regard to an order of taking such as the one involved here. That authority is not to evaluate all the evidence and make an independent determination of the necessity of the taking and the benefits and drawbacks of each alternative. These are primarily functions of the condemning authority.
Once a condemning authority decides that a taking is necessary, selects one of the alternatives open to it, and applies to a court for approval of the taking, the role of the court is limited to assuring that the condemnor acted in good faith, did not exceed its authority, and did not abuse its discretion. Wilton, supra. When the trial court approves the determination of reasonable necessity and finds no abuse of discretion, a reviewing court is then limited to deciding whether or not there was competent substantial evidence to support the decision of the trial court.
Our review of the record in this case reveals that there was competent substantial evidence to support the order of taking.
Accordingly, the petition for certiorari is granted and the decision of the District Court is quashed and this cause is remanded with instructions to reinstate the decision of the Circuit Court.
It is so ordered.
CARLTON, C.J., ROBERTS and BOYD, JJ., concur.
DEKLE, J., dissents.