294 So.2d 357 (1974)
CHIPOLA NURSERIES, INC., et al., Appellants,
v.
DIVISION OF ADMINISTRATION, DEPARTMENT OF TRANSPORTATION, Appellees.
No. U-364.
District Court of Appeal of Florida, First District.
March 28, 1974.
Rehearing Denied May 7, 1974.
James J. Richardson, Henderson, Richardson, Henry, Buchanan, Munroe & Rodman, Tallahassee, Thomas C. Wilkinson, Marianna, and David W. Foerster, Jones, Foerster & Hodge, Jacksonville, for appellants.
John W. Scruggs, Jr., Chipley, Geoffrey B. Dobson, Barbara Ann Dell McPherson, and Ronald W. Brooks, Tallahassee, for appellees.
BOYER, Judge.
We have before us a petition for writ of common law certiorari seeking review of an order of taking entered in an eminent domain proceeding by the Circuit Court in and for Jackson County. The property in question involves three miles of right-of-way for Interstate 10 in Jackson County. All of the Petitioners except Chipola Nurseries, Inc. are parties defendant in that proceeding. Chipola was permitted to intervene by stipulation because once the other petitioners' properties have been taken the route of the highway as it approaches the Chipola property will have *358 become "locked in". The primary issue relates to the proper route of the subject three-mile leg or stretch of the highway to and through Chipola's property.
The petitioners here, as defendants below (including Chipola as intervenor), raised defenses to the order of taking as follows: (1) improper exercise of the delegated power of eminent domain; (2) gross abuse of administrative discretion; (3) fraud in the administrative process; and (4) lack of necessity for taking the particular properties involved and fraud in the taking of the properties of the petitioners other than Chipola, thereby "locking in" the right-of-way through the property of Chipola.
The acts and omissions complained of involve the alleged failure of the respondent, Department of Transportation, (a) to hold the hearings and prepare the necessary studies and reports required by the National Environmental Policy Act of 1969; (b) to comply with or obtain the permits required by the Florida Air and Water Pollution Control Act; (c) to exercise good faith in the study of alternative routes for this three mile leg of Interstate 10, thereby adding greatly to the expense of acquisition and the disruption of farming operations in that area; and (d) to provide adequately for increased drainage waters and other problems caused by the taking and the proposed construction. Petitioners allege that "in short, the case involves improper planning of such magnitude as to constitute gross abuse of administrative discretion and fraud upon these petitioners."
The record before us consists of a large cardboard box filled with numerous documents, some marked and some unmarked, which more resembles the bowels of an abandoned attic than a record submitted pursuant to the Florida Appellate Rules. We have spent many hours attempting to create order out of chaos but have finally come to the conclusion that in order to properly dispose of this case it will be necessary to rely virtually entirely upon the recitations contained in the well written briefs of the parties and to assume, as we are convinced that we can, that the attorneys preparing those briefs, as officers of the court, have correctly recited the facts and evidence which would be reflected by the record were it intelligible.
It is our opinion that, after carefully considering the "record" and the briefs of the parties, if there was ever a case which required the indulgence of the presumption of correctness of the ruling of the trial court, this is it. The trial judge had the opportunity of hearing and observing all of the evidence, apparently initially presented in an orderly fashion, and had the duty of resolving conflicts therein, which he did upon entering the order giving rise to this proceeding. If he was able to make sense of the mass of information which has been brought to us as a record then he is to be congratulated and revered rather than reversed.
Although the names of numerous land owners are designated as petitioners in this proceeding, virtually none of the evidence relates to anyone other than Chipola. It is apparent that, notwithstanding the recitations contained in the petition, the real complaint is that respondent, after considering various alternate routes for that portion of the highway in question, ultimately selected a route contrary to that suggested by Chipola.
A morsel cast to us in petitioners' brief to whet our appetites for review is a recitation that Chipola had offered to donate the right-of-way over its lands should its suggested alternate be selected. The writer of that brief refers us to pages 132 through 136 of Volume II of the transcript to support that contention. However, the respondent has called to our attention subsequent testimony appearing on page 159 of that transcript, indicating that the officer of Chipola later experienced a change of heart, testifying as follows:
"Q. I believe you said something about giving some right-of-way?

*359 "A. No, I didn't say I would necessarily give right-of-way away. I said I would trade some fixtures for some right-of-way land."
Petitioners do not contend that the route selected by respondent is defective or contrary to the best interests of the public. Indeed, petitioners' expert testified that the route was "excellent".
Although it is apparent and painfully obvious that the Department of Transportation acted highhandedly and unbendingly, nevertheless we cannot say that as a matter of law its actions in this case were such as to constitute fraud, capriciousness, misrepresentation, oppression or bad faith. It is very true that some of petitioners' evidence is subject to that interpretation, but there is other evidence to the contrary and it was the duty, responsibility and right of the trial judge to resolve that conflict. Unless the public agency exercising the power of eminent domain acts in bad faith or is guilty of oppression, its discretion in the selection of land will not be interfered with. Wilton v. St. Johns County, 1929, 98 Fla. 26, 123 So. 527.
Petitioners' brief candidly summarizes their contention by stating: "* * * the gravamen of the Petitioners' complaint is the bad faith exercised by the Respondent in failing to simply make a serious, sincere and genuine effort to give as much study to the alternate route suggested by the Petitioners as was supposedly given to the selection of the route for which right-of-way is now sought." Although bad faith is repeatedly alleged, as above recited, no conclusive evidence thereof appears. It is not bad faith on the part of a condemning authority to fail to "give as much study to the alternative route suggested" by neighboring land owners as was given to the selection of the route ultimately selected. Were this so all of the taxpayers' funds appropriated for highway construction might well be dissipated in making studies to please every land owner in the vicinity of the proposed improvement. Petitioners have cited Hillsborough County v. Sapp, Sup.Ct.Fla. 1973, 280 So.2d 443, but the evidence does not appear to bring this case within the ambit thereof, wherein the court stated that "the role of the court is * * * assuring that the condemnor acted in good faith, did not exceed its authority, and did not abuse its discretion." The record before us does not convince us, nor did it apparently convince the trial judge, that the Respondent failed to properly weigh or to consider costs, environmental factors, long-range area planning or whether or not there was an alternate route over unoccupied land. In short, we are not convinced that the condemnor abused its discretion: But its methodology and downright arrogance do not elicit compliments.
Petitioners further urge that the Respondent has failed to comply with the National Environmental Policy Act of 1969 (Title 42 U.S.C., Section 4331 et seq.); with the Florida Air and Water Pollution Control Act (Section 403.088, Florida Statutes, F.S.A.) and with Federal Aid Highways Act (Title 23, U.S.C., Section 109, Subsection h). With reference to the latter two, the Florida Air and Water Pollution Control Act and the Federal Aid Highways Act, there is sufficient evidence in the record to support the trial judge's apparent finding that there has been sufficient compliance therewith. The Respondent candidly admits that there is a division of authorities between the several United States Circuit Courts of Appeals regarding the applicability of the National Environmental Policy Act of 1970. Indeed, the Respondent contends that the evidence reveals that in this case it was not necessary to prepare an environmental impact statement pursuant to the National Environmental Policy Act of 1970, citing Defendants' Exhibit No. 10 which, if it is in the record, cannot be located by this writer. All the parties appear to admit that the National Environmental Policy Act of 1970 does not apply retroactively to ongoing projects in which no major federal *360 action remains. The only query in that regard, as applied to the case sub judice, is whether the subject project has reached such a point at the time of the order of taking to require that application of National Environmental Policy Act be considered as being retroactive. We are convinced that it had.
It is interesting to note that although Petitioners have asserted noncompliance with the three acts above mentioned, at no place have they suggested that compliance therewith would have in any manner required a change in the route of the highway now complained of.
The petition for writ of common law certiorari is denied, as is also the Petitioners' Motion for Assessment of Attorney's Fees, and the stay order heretofore entered is hereby dissolved.
SPECTOR, Acting C.J., concurs specially.
JOHNSON, J., concurs.
SPECTOR, Acting Chief Judge (specially concurring).
While I concur in the judgment denying certiorari herein, I feel it necessary to state that I, for one, reject respondent's apparent belief that route selection is a matter over which it has absolute and unbridled discretion. Certainly by its very nature route selection is a matter over which the road department properly has very broad discretion. However, even very broad discretion must not be exercised in an unbridled fashion. No necessity exists to set forth citation of the numerous authorities that follow the universal rule that administrative discretion, albeit broad discretion, is always subject to review by courts of competent jurisdiction.
The Florida Supreme Court in its most recent opinion relating to the question of judicial review of highway route selection quashed a decision of the Second District Court of Appeal which held that Hillsborough County and the State Department of Transportation abused their discretion in the exercise of the power to condemn road rights of way because the condemning authorities had ignored an alternative route that was available over unoccupied land adjacent to the route actually selected on which was located the homes of the appellants there. In quashing the District Court of Appeal's decision, the Supreme Court held that the availability of an alternative route in the circumstances there presented was not the sol criteria by which to measure discretion to determine whether the condemning authority had abused it. Thus while rejecting the alternate route criteria, vel non, the court continued to say:
"There are, however, many other factors which should properly weigh upon the decisions of which route to select and which land to condemn. Some of those are cost, environmental factors, long-range area planning, and  in this case  the safety considerations necessary when designing a highway next to a school. Some of these factors  cost, for example  involve many subfactors, such as the value of the land, the engineering problems presented by the terrain, etc."
The court's ruling in the Sapp case, 280 So.2d 445 (Fla. 1973), thus seems to reaffirm that highway route selection decisions made by an administrative agency are subject to review by the judiciary "to [assure] that the condemnor acted in good faith, did not exceed its authority, and did not abuse its discretion." [Emphasis supplied.]
While the landowners appear not to have demonstrated an abuse of discretion in this case, I think it is appropriate to set forth my view that those responsible for highway route selection do occasionally make mistakes and when such mistakes are perceived early enough it is the right of landowners and citizens adversely affected by such decisions to seek relief from the "tunnel vision" that so often plagues a bureaucracy which deems itself immune from judicial review.
*361 Our own experience with the route selected for this same interstate highway in Leon County, with its consequent waste of hundreds of acres better suited for natural homesites than for concrete highways, is convincing evidence that an engineer's transit has no social conscience. The ecological carnage visited upon Lake Jackson by the choice of the northern route while to the south of Tallahassee lay thousands of acres hardly suitable for growing scrub oak is yet a further reason for judicial concern. Indeed, applying the criteria by which we determine abuse of discretion which are specified with approval in the Supreme Court's Sapp decision  cost, environmental factors, long-range planning, as well as the availability of an alternative route  it may well be that routing Interstate 10 to the north of Tallahassee rather than to the south constituted an abuse of discretion for which redress could have been had in the courts had our concern for the environment not lain dormant so long.

ON PETITION FOR REHEARING
BOYER, Judge.
Appellant Chipola Nurseries, Inc. has filed a petition for rehearing citing numerous cases which it suggests this Court overlooked or failed to consider in arriving at its decision. Our examination of the petition and the cases therein cited reveals that we did not overlook the cases nor fail to consider their holdings and in our view our opinion is in keeping therewith. We have also again considered the several "facts" or alleged facts called to our attention in the petition for rehearing and find that such were not overlooked nor omitted from consideration in arriving at our decision. We do note that in the lengthy petition we are not once cited to any specific point in the record wherein the petitioner's allegation of fact might be sustained by the evidence or record. It occurs to us that perhaps such omission was not an oversight or inadvertence on the part of the preparer of the petition but rather that he might have found himself in the same position that we found ourselves in attempting to make some order out of the chaotic material submitted to us. The petition also alleges that our opinion "is replete with presumptions, both used and unused, mentioned and unmentioned." We thought that we made our unhappiness with that situation clear in our opinion. Had we been favored with a record prepared in accordance with the Florida Appellate Rules, the burden and responsibility for the preparation and submission of which is upon an appellant, or, in case of petition for certiorari, the petitioner, it would not have been necessary for us to resort to such presumptions. When an appellate court finds itself in the position of having to resort to presumptions or suppositions it may reasonably be inferred that the appellant or petitioner for certiorari has not met the burden of demonstrating in the record the contentions urged.
Finally, petitioner suggests that we erred in using the term "conclusive evidence" in the sentence contained in our opinion which reads: "Although bad faith is repeatedly alleged, as above recited, no conclusive evidence thereof appears." We concede that the terms complained of are subject to misinterpretation, therefore we now explain that as that term is used in its context we meant and mean that although bad faith on the part of the Department of Transportation is repeatedly alleged the evidence exhibited to us is such as to lead us to find that a fair arbiter, in this instance the trial judge, was fully justified in failing to find bad faith as a matter of fact. With such explanation the petition for rehearing is
Denied.
SPECTOR, C.J., and JOHNSON, J., concur.