385 So.2d 1155 (1980)
FLORIDA POWER CORPORATION, a Florida Corporation, Appellant,
v.
GULF RIDGE COUNCIL, Boy Scouts of America, Inc., a Nonprofit Florida Corporation, Appellee.
No. 80-38.
District Court of Appeal of Florida, Second District.
July 9, 1980.
H. Rex Owen of Owen & McCrory, St. Petersburg, for appellant.
John W. Frost, II and Peter P. Murnaghan of Holland & Knight, Bartow, for appellee.
*1156 BOARDMAN, Judge.
Florida Power Corporation appeals the dismissal of its petition for condemnation of certain land owned by appellee Gulf Ridge Council, Boy Scouts of America, Inc. We affirm.
Appellant filed its petition to condemn a route for a high voltage power transmission line in Polk County. The intended route bisected Flaming Arrow Camp, a recreational and wildlife refuge maintained on its property by appellee. At a quick taking hearing, appellee opposed the "straightline" route selected by appellant and claimed that appellant had abused its conceded condemnation powers by selecting it. Appellee proposed two alternative routes over other portions of their property and offered to donate the portions of land necessary to either alternative route. Appellant refused. The trial court found that appellant had exceeded its statutory authority to acquire real property by eminent domain under Section 361.01, Florida Statutes (1977) and Section 74.011, Florida Statutes (1978 Supp.). It therefore ruled that appellant's petition for condemnation would be dismissed unless appellant elected, within fourteen days of the entry of the order, to utilize one of the reasonably available alternate routes across appellee's land. This appeal followed timely.
The trial court noted in its well-reasoned opinion that strict compliance with the law is required when public utilities exercise their statutory right of eminent domain. Valleybrook Developers, Inc., v. Gulf Power Co., 272 So.2d 167 (Fla. 1st DCA 1973). The trial court continued:
Once a condemning authority has decided that a taking is necessary, selects one of the alternatives available to it, and applies to a court for approval of the taking, the court's role is then to assure that the condemnor acted in good faith, did not exceed its authority, and did not abuse its discretion. Hillsborough County v. Sapp, 280 So.2d 443 (Fla. 1973). Florida law requires a condemning authority to weigh and consider several factors in deciding which route to select and which land to condemn. Specifically, Florida appellate courts have enumerated five criteria that a condemnor must weigh in order to properly exercise its discretion; [sic] (1) Availability of an alternate route; (2) costs; (3) environmental factors; (4) long-range area planning; and (5) safety considerations. The failure or refusal of a condemning authority to properly weigh these factors may constitute an abuse of discretion.
Admittedly, a condemning authority does not necessarily abuse its discretion by choosing one route over another equally suitable route. However, a condemnor does abuse its discretion by making a route selection determination without first properly considering and weighing the relevent [sic] factors considered determinative by Florida appellate courts.
.....
It appears from the testimony heard in this cause that Florida Power planning engineers considered only the most direct and economical route, overlooking the other factors mentioned above. In fact, Florida Power's engineers testified that they did not know what factors, if any, company officials had considered in approving the utility's decision to condemn this particular land.
The Court further finds that the protection of natural resources is the constitutionally declared public policy of the State of Florida, and as such, is an appropriate matter for consideration in condemnation cases. Seadade Industries, Inc. v. Florida Power and Light Company, 245 So.2d 209 (Fla. 1970); Fla. Const. art. II, § 7. Florida Power overlooked the environmental and esthetic damage that would necessarily accompany the construction of a power line through Respondent's land. Although Florida Power's experts admitted that placement of the transmission line along the proposed route would disturb the wilderness environment, they specifically stated that no environmental factors were considered. The reservation, which is maintained and preserved by the Respondent for the recreational *1157 and conservational benefit of the public, as well as the individual members of Respondent's organization, possesses unique and invaluable environmental and esthetic qualities that will be significantly impaired if Florida Power's choice of routing were allowed.
.....
The use of Respondent's land by young children and teenagers amplifies the safety hazards associated with the construction of power lines along the proposed route. Regardless of whether the proposed power line is claimed by Florida Power to be "safe", it can hardly be denied that the threat to persons on the reserve would be significantly less if the power line was built along the alternate route suggested by Respondent, since that route would not lie over areas of present or planned use. Respondent's engineering expert testified that public safety is always considered in determining route selection by utility companies, and concluded by pointing out that if all factors were examined relating to route selection in the present case, the alternate route suggested by Respondent would be the more desirable route.
Based on the totality of facts and circumstances of this case and the applicable law, the Court finds that Florida Power Company exceeded its authority and abused its discretion in failing to properly consider and weigh the factors of alternate route availability and cost.
We agree with the trial court's reasoning. As stated in Knappen v. Division of Administration, State Department of Transportation, 352 So.2d 885 at 891 (Fla. 2d DCA 1977), cert. denied, 364 So.2d 883 (Fla. 1978): "The reason that Florida courts have consistently held that a judicial inquiry is permissible into the necessity of taking stems from their awareness of the `"tunnel vision" that so often plagues a bureaucracy which deems itself immune from judicial review.' Chipola [Nurseries, Inc. v. Division of Administration, Department of Transportation, 294 So.2d 357] at 360 [(Fla. 1st DCA 1974)] (concurring opinion.)" We agree with the trial court that appellant abused its discretion in considering only the most direct and economical route and in failing to weigh other important factors, such as safety and the impact of the proposed project on the environment. See Hillsborough County v. Sapp, 280 So.2d 443 (Fla. 1973). While failure of a condemnor to consider one factor would seldom warrant denial or dismissal of a condemnation petition, clearly a condemnor's failure to consider anything other than its own convenience constitutes an abuse of discretion. However, this opinion is not to be construed as giving every condemnee which deems itself aggrieved the absolute right to avoid condemnation or to force the condemnor into an alternate route other than the most direct and economical route to maintain the integrity of its entire right of way. The fact that appellee's property was for the terminus portion of appellant's transmission line is considered a significant factor by this court.
Consequently, we approve the trial court's order with the understanding that the dismissal of appellant's petition is without prejudice to the filing of a new petition should appellant decide to undertake the further study and consideration we have held are required and, after having completed such further investigation, decide that its originally proposed route or an alternate route other than one of those proposed by appellee is appropriate.
AFFIRMED.
HOBSON, Acting C.J., and CAMPBELL, J., concur.