569 So.2d 877 (1990)
PASCO COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Walter FRANZEL, and Elizabeth Franzel, His Wife, Appellees.
No. 90-00347.
District Court of Appeal of Florida, Second District.
November 9, 1990.
*878 Brent E. Simon, Asst. County Atty., New Port Richey, for appellant.
Raymond T. Elligett, Jr., of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellees.
ALTENBERND, Judge.
Pasco County appeals an order denying its petition to take a parcel of Mr. and Mrs. Franzel's farm for the construction of the Collier Parkway Extension. The trial court denied the taking because it found that the County had abused its discretion in failing to adequately consider all relevant factors before selecting one of two alternative routes running through the Franzels' farm. We affirm the trial court's decision because it is supported by competent substantial evidence. Our affirmance, however, clarifies the decision in two significant respects.
In 1987, Pasco County entered into an agreement with two real estate developers concerning the acquisition of land and construction of the Collier Parkway Extension. The Parkway will assist in the development of both the Willow Bend and Sable Ridge Subdivisions. The extension project is divided into four large segments and a fifth smaller segment consisting of only the Franzels' property. As planned, the Parkway will approximately parallel U.S. Highway 41 and will extend Livingston Avenue in Hillsborough County north to Hale Road in central Pasco County. The County's plan contemplates a two-lane road. At a later time, the County expects that it may widen the Parkway to four lanes and extend it north beyond Hale Road. Any extension north beyond Hale Road, however, is not planned until the year 2010, and there is no certainty that it will ever be constructed.
The proposed route for the Parkway was largely created by the developers, with substantial consideration given to the best route to facilitate the developments. Mr. and Mrs. Franzel own a small farm at the intersection of the proposed extension with Hale Road. Their farm is immediately north of one of the developments. The Franzels are resigned to a taking of some of their land for the Parkway; they simply disagree on which land. They argue that the taking should involve the eastern edge of their farm rather than a swath through the middle. From a personal standpoint, the Franzels do not want the Parkway to separate their cattle from a necessary source of water. From a public perspective, the Franzels believe their proposed route would eliminate a small jog in Hale Road, which everyone admits is a hazard, and would allow for a less costly, more environmentally sensitive route if the Parkway is extended north of Hale Road. The Franzels primarily argue that any small benefit of the County's preferred route through their farm is far outweighed by the harm it will cause to their farm, the possible future harm associated with a further extension of the Parkway, and the benefit of curing an existing safety problem *879 through the use of their alternative route. It is significant that the Franzels have given greater thought to their own property and the property to the north than they have to the developers' property.
In determining a route for the construction of a road, it is well established that the condemning authority should give due consideration to the relevant factors including, but not limited to: (1) the availability of alternative routes, (2) costs, (3) environmental factors, (4) long-range area planning, and (5) safety considerations. Hillsborough County v. Sapp, 280 So.2d 443 (Fla. 1973); Florida Power Corp. v. Gulf Ridge Council, 385 So.2d 1155 (Fla. 2d DCA 1980). Once the condemning authority decides the appropriate route and passes the necessary resolution for the road, it satisfies its initial burden of proof in the trial court concerning the reasonable necessity for condemnation by presenting evidence that it reasonably considered the relevant factors in making its decision. The condemning authority is not required to prove absolute necessity, but need prove only some reasonable necessity. Canal Auth. v. Litzel, 243 So.2d 135 (Fla. 1970). Thereafter, the burden of proof shifts to the landowner to establish an abuse of discretion, bad faith, or illegality, on the part of the authority. Canal Auth.
In this case, Pasco County presented some evidence that it had considered the above factors. Although its evidence was probably sufficient to minimally satisfy its burden of proof, its evidence was far from impressive. In their case, the Franzels presented substantial testimony establishing that the County had given little consideration to long-range planning and had given insufficient consideration to environmental factors associated with the possible future extension of the Parkway. The testimony of the Franzels' expert established that the County may have misperceived factors associated with safety.
Although we affirm the trial court, we emphasize the narrow scope of our decision. The process of selecting a route for a road involves the consideration of many factors along a lengthy stretch of land. This process requires careful consideration. It also requires flexibility and an ability to resolve or compromise the competing interests and opinions of numerous affected parties. As a result, it is a process better suited to a legislative or quasi-legislative body, a taking authority, than to a court of law. Moreover, the ultimate selection of a route must necessarily be made by the taking authority and cannot be delegated to the individual landowners. Thus, we remain committed to the proposition that a "landowner cannot object merely because some other location might have been made or some other property obtained which would have been suitable for the purpose." Wilton v. St. Johns County, 98 Fla. 26, 49, 123 So. 527, 535 (1929).
Although a landowner cannot force a taking authority to select the landowner's preferred route when the authority has carefully selected an acceptable alternative route, a landowner is entitled to a taking process in which the taking authority acts legally, without bad faith, and without an abuse of discretion. It is the trial court's role to determine whether any of these circumstances exist based upon the evidence which it receives. This court cannot reweigh the trial court's findings of fact if they are based on competent substantial evidence. Tsavaris v. NCNB Nat'l Bank of Fla., 497 So.2d 1338 (Fla. 2d DCA 1986). See Florida Power & Light Co. v. Berman, 429 So.2d 79 (Fla. 4th DCA), review denied, 436 So.2d 98 (Fla. 1983). While the abuse of discretion standard has long been the law, Wilton, it is fair to suggest that our increased population, our heightened environmental concerns, and our advances in safety and technology have made it easier for a taking authority to abuse its discretion by making a decision on an incomplete study. See Chipola Nurseries, Inc. v. Division of Admin., Dep't of Transp., 294 So.2d 357 (Fla. 1st DCA 1974) (Spector, J., concurring).
Thus, under the abuse of discretion standard, the dispositive issue presented to the trial court was whether a reasonable condemning authority would have selected any route based upon the limited *880 information available to the authority at the time it made its decision. We agree with the Franzels that the record contains competent substantial evidence to support the trial court's decision that the County abused its discretion by making a premature decision based on an insufficient study of the relevant factors.[1] Thus, we affirm the trial court's decision.
While the trial court was authorized to decide that the County's decision was premature, we clarify the order denying the taking as we did in Gulf Ridge Council. The trial court's order should not be interpreted as a dismissal of the County's petition with prejudice to another petition seeking to take the same or similar land. The trial court did not rule that the County must follow the Franzels' proposal or that the County must abandon its proposal to construct the Parkway through the Franzels' farm. When a condemning authority abuses its discretion by failing to adequately study the relevant factors, generally, a trial court is not equipped to make an alternative decision for the authority and should return the matter to the authority for additional study and a new decision. See Wilton. In this case, once the County fully studies the matter, including the impact of a change in the route both north and south of the Franzels' farm, it is possible that it may choose the same route that it previously chose, or even a route not previously considered.
Second, the order denying the taking indicates that the trial court denied a taking for that segment of the project which is within the Sable Ridge Development, located immediately south of the Franzels' farm. The County's petition had not requested a taking of that land. Although the trial court's ruling regarding the Sable Ridge property logically flows from its order denying the taking of the Franzels' property, this issue was not before the court during the hearing. Thus, we interpret this ruling to be merely an advisory ruling that is without prejudice to any route proposed by the County after it conducts additional study.
Affirmed.
LEHAN, A.C.J., and HALL, J., concur.
NOTES
[1] In the trial court, the Franzels' expert suggested that the County should prepare an expensive and elaborate route study, including a detailed study of the possible future extension, before it passes a new resolution. Our opinion should not be interpreted as either an endorsement or a rejection of that concept. Although the County's study was insufficient, we are not factually prepared to delineate the minimum requirements of an investigation which would support a route as a reasonably necessary route. Generally, it is not bad faith for a condemning authority to give less study to a proposed alternative route than to the selected route. Knappen v. Division of Admin., Dep't of Transp., 352 So.2d 885 (Fla. 2d DCA 1977), cert. denied, 364 So.2d 883 (Fla. 1978); Chipola. At some point, however, the lack of study reaches the point of an abuse of discretion. This is the problem in this case.