COBB, Judge.
We affirm the order of taking on the authority of City of Jacksonville v. Griffin, 346 So.2d 988 (Fla.1977). Pasco County v. Franzel, 569 So.2d 877 (Fla. 2d DCA 1990) and Florida Power Corp. v. Gulf Ridge Council, 385 So.2d 1155 (Fla. 2d DCA 1980) are distinguishable on the bases that in this case DOT undertook extensive studies of the drainage issue and adduced substantial competent evidence that the drainage sites it selected were the most reasonable based on economies as *1160 well as the drainage pattern in the area. DOT’s failure to take into consideration concerns and objections of local government entities does not, of itself, preclude the taking of the appellant’s property.[1] See City of Dania v. Broward County, 658 So.2d 168 (Fla. 4th DCA 1995).
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.

. There is no indication that the drainage sites violate local government comprehensive plans which were in effect when the taking proceedings were instituted. See § 339.155(2)(£), Fla. Stat.