PER CURIAM.
This is a non-final appeal from an order of taking. This court has jurisdiction, since the order determines the right to immediate possession of property. See Studiale v. Towne, 664 So.2d 1157 (Fla. 4th DCA 1995); Fla.R.App.P. 9.130(a)(3)(C)(ii).
The property at issue is located at the southeastern corner of the intersection of Hallandale Beach Boulevard and A1A. In its amended petition, the Department of Transportation alleged that the property was “necessary for the purpose of constructing, reconstructing and maintaining a state transportation facility.” Appellants’ answer asserted that the taking was not necessary and that the department was seeking to acquire a larger estate than was needed for the stated purpose.
After a bench trial, the circuit judge found that the pleadings were sufficient and that the department was properly exercising its delegated authority. In the taking order, the trial court ruled that “the good faith estimate of value should be $3,640,000.00,” which was an upward adjustment from the department’s estimated value of $1,500,000.00. On appeal, neither party disputes this aspect of the order.
Appellant challenges the admission into evidence of certain expert opinions regarding access to the property. This access issue is tangentially pertinent to whether the department abused its discretion in seeking to take the property and to whether the department had suggested a “good faith value” of the property for deposit into the court registry. At the trial, in a very general way, appellants attempted to link their access issue to the “necessity” of the project.
The role of a trial court in reviewing the department’s taking petition is set forth in Hillsborough County v. Sapp, 280 So.2d 443, 445 (Fla.1973):
Once a condemning authority decides that a taking is necessary, selects one of the alternatives open to it, and applies to a court for approval of the taking, the role of the court is limited to assuring that the condemnor acted in good faith, did not exceed its authority, and did not abuse its discretion.
See also School Bd. of Broward County v. Viele, 459 So.2d 354 (Fla. 4th DCA 1984); Florida Power & Light Co. v. Berman, 429 So.2d 79 (Fla. 4th DCA 1983). If a trial court enters an order of taking concluding that the department did not abuse its discretion, this court’s review is limited to deciding whether there was competent substantial evidence to support the decision of the trial court. Sapp, 280 So.2d at 445.
At trial, appellants moved to strike the testimony of engineers Ramos and Tinder and architect/planner Perez. They did not move to strike the testimony of real estate appraiser Hayes. Hayes testified that she assumed that there would be access from the property to Hallandale Beach Boulevard after speaking with representatives of the City *341 of Hallandale. Although her testimony was in dispute, Hayes recalled that a city planner said that appellants “could build 1,500 units, there would be access through Hallandale Beach Boulevard,” and in exchange appellants had to build a fire station and do some other community improvements. There was also some testimony from engineer Ramos about access to the property from A1A in the event the city blocked access to Hallandale Beach Boulevard.
The trial court took into consideration the speculative nature of the testimony concerning east access, but nonetheless found that the department did not abuse its discretion in the taking. The access issue was only one factor the court might have considered in deciding whether to approve the taking. See, e.g., Florida Power Corp. v. Gulf Ridge Council, 385 So.2d 1155 (Fla. 2d DCA 1980). Given the limited scope of this court’s review, there is no basis to reverse the trial court’s decision.
The order of taking is affirmed.
STEVENSON, SHAHOOD and GROSS, JJ., concur.