CARROLL, DONALD K., Acting Chief Judge.
Two landowners in eminent domain proceedings have instituted these certiorari proceedings seeking our review of an order of taking entered by the Circuit Court for Putnam County, awarding to the con-demnor a fee simple title to the property of the said landowners.
The basic question presented for our determination in these certiorari proceedings is whether the evidence adduced by the parties was sufficiently competent and substantial to support the court’s finding that it was necessary for the condemnor to have a fee simple title to the landowners’ property.
The case at bar is essentially a companion case to the cases of Canal Authority v. Miller, and Canal Authority v. Hayman, Fla.App., 230 So.2d 193, opinion filed in 1969. The rules and principles recognized in that opinion are applicable in the case at bar. The general principle recognized in that opinion may be summarized as follows: The question whether a con-demnor in eminent domain proceedings should be awarded a fee simple title to the property of the landowners is a question to be determined by the court from the evidence adduced by the parties on the issue of the condemnor’s necessity for such a title. In the Miller and Hayman cases, supra, we held that the trial court correctly held that the evidence before it was insufficient to establish such a necessity, so the court awarded only an easement to the Canal Authority. In those cases we affirmed the court’s order denying the con-demnor’s motion to supplement the original order of taking, in which motion the Au *165 thority requested the award of a fee simple title.
In the case at bar the trial court awarded a fee simple title to the condemnor, so our juridical problem is to determine whether that court’s said holding is reasonably supported by the evidence before it.
In the Miller and Hayman cases, supra, we held inferentially that a letter from the U. S. Corps of Engineers to the Canal Authority requesting a fee simple title and a resolution of the Authority requesting such a title do not constitute sufficient evidence of the Authority’s necessity for a fee simple title. We have studied the testimony before the court in the present case as to such necessity and we find that, fairly considered, such testimony essentially establishes that it would be convenient to the U. S. Corps of Engineers or to the Canal Authority to have a fee simple title to the land in question, but such testimony does not establish a necessity for such a title.
According to the said testimony, the two main reasons for wanting a fee simple title are the following: (1) a fee simple title is required to hold the U. S. Government harmless from any claims or lawsuits; and (2) a fee simple title is needed on account of plans to develop recreational areas.
This first reason deserves little comment, for, obviously, the most effective way to prevent claims of damage to a man’s property rights is to take away his fee simple title to his property. Doing so, however, would do violence to his basic rights under the statutes and constitution of Florida, and the constitution of the United States, particularly his right not to be deprived of his property without due process of law.
The condemnor’s second reason for wanting a fee simple title is also without merit. That reason is ill-founded under our recent decision in Staplin v. The Canal Authority of the State of Florida, 208 So.2d 853 (Fla.App.1968), in which we held:
“The statute creating the Authority and setting forth its powers restricts its right to acquire lands to the single purpose of constructing, operating, repairing, and improving a cross-state canal and canal system. This-does not include the power to acquire lánds to be used primarily for recreational purposes. The record of testimony taken before the trial court on the motion for supplemental order of taking contains the frank statement of the Authority’s manager to the effect that it caused its attorney to prepare and have introduced in the 1967 session of the Legislature a proposed act authorizing the Authority to acquire lands for recreational purposes. This court judicially notices thei,'official journals of both the House and Senate of the 1967 Florida Legislature which reveal that proposed acts were introduced seeking to confer upon the Authority the power to acquire lands for recreational purposes as testified to by the Authority’s manager, which bills never received committee approval and were never enacted into law. Such action on the part of the Authority by which it sought to enlarge the purposes for which it could acquire land strengthens the conviction and supports the determination that petitioner is correct in the position which he takes, and that the Authority is without power or authorization to acquire lands primarily for recreational purposes.”
Considering all of the evidence before the trial court on the issue of the necessity of the condemnor for a fee simple title, we are of the opinion that the said evidence is not sufficiently competent and substantial to support the award of the fee simple title in the order appealed from herein, and that the trial court departed from the essential requirements of the law in entering the said order.
*166 Therefore, the order appealed from must be, and it is, quashed, and the cause is remanded for further proceedings consistent with the views hereinabove expressed.
It is so ordered.
SPECTOR, J., and PATTEN, Associate Judge, concur.