243 So.2d 135 (1970)
The CANAL AUTHORITY of the State of Florida, a Body Corporate under the Laws of the State of Florida, Petitioner,
v.
Harry M. LITZEL and Natalie W. Litzel, His Wife, Respondents.
No. 39469.
Supreme Court of Florida.
December 16, 1970.
Rehearing Denied February 2, 1971.
*136 Ralph E. Elliott, Jr., Frank C. Decker, of Decker, Eliott & Kaler, Jacksonville, for petitioner.
J. Robert McClure, Jr., of McClure, Wigginton, McClure & Culpepper, Tallahassee, Joe C. Miller, II, and Peter T. Miller, of Dowda, Miller, Hedstrom & Fields, Palatka, for respondents.
Myron G. Gibbons, of Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for Southwest Florida Water Management Dist.
Howard Hadley, General Counsel and Geoffrey B. Dobson, Asst. Atty., for State of Florida Department of Transportation.
Shiro Kashiwa, Asst. Atty. Gen., S. Billingsley Hill and Robert S. Lynch, Washington, D.C., for the United States, amici curiae.
PER CURIAM.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, First District, 230 So.2d 164 (1970).
The petitioner, The Canal Authority of the State of Florida, was created under Fla. Stat. § 374, F.S.A., and is the local interest or sponsor for the federally constructed project known as the Cross Florida Barge Canal. As such the petitioner is required to secure the lands and land interests needed for the construction, maintenance and operation of the canal. The petitioner, which is vested with the power of eminent domain under Fla. Stat. §§ 73, 74, 374, F.S.A., filed its petition and declaration of taking in the Circuit Court for Putnam County seeking fee simple title to the respondents' lands for use in the construction, operation and maintenance of the Cross Florida Barge Canal.
At the hearing on the order of taking, the petitioner introduced into evidence a letter which petitioner had received from the United States Army Corps of Engineers advising that it had determined that the fee simple title to the land within the Rodman Pool area (which includes respondent's land) would be required, and it requested that petitioner acquire the fee simple title. The petitioner also introduced into evidence its resolution determining that the fee simple title was necessary. In addition, testimony was presented by the manager of the Canal Authority, an engineer from the U.S. Army Corps of Engineers, and the deposition of one of the petitioner's board of directors. The Chief of the Design Branch, U.S. Army Corps of *137 Engineers, Mr. Grimes, testified that it is a part of his responsibility to determine the interest and extent of lands to be taken for the Cross Florida Barge Canal, that he did participate in the determination of the need for requesting the fee simple interest in the lands of respondents, and that some of the reasons for determining the need for the fee simple title were: to provide for the maintenance and operation needs of the project and for needs that would develop, unforseeable needs, throughout the life of the project. He did state that the area has a high potential as a wildlife management area but later on recalled that at the time the determination for the need of fee title was made the requirement of fish and wildlife management had not entered into or was not a basis for taking fee simple title. He testified that other reasons are: for the total management of the pool, the effect of the pool, and possibility of saturation of adjacent lands that the creation of the pool can impose, the need to maintain the natural integrity of the perimeter of the pool, to fully control the possibility of infiltrating, potential pollution, and other aspects such as mosquito control.
The manager of the Canal Authority, Giles L. Evans, testified that none of the lands being taken in this suit are being taken primarily for the purpose of recreation. At the conclusion of the testimony, respondent moved for a directed verdict denying to petitioner the fee simple title. The Court failed to find bad faith, denied the motion and found that it was reasonable that fee simple title be acquired as brought out by the testimony in order to properly construct, repair and operate the canal, its connecting locks and connecting tributaries consistent with good engineering practices and the health, safety and welfare of those engaged in this operation. The trial court entered its order of taking awarding the fee simple title to petitioner.
The District Court of Appeal, First District, reversed. The court held:
"* * * we find that, fairly considered, such testimony essentially establishes that it would be convenient to the U.S. Corps of Engineers or to the Canal Authority to have a fee simple title to the land in question, but such testimony does not establish a necessity for such a title."
This case is a companion case to the cases of Canal Authority v. Miller, and Canal Authority v. Hayman, Fla.App., 243 So.2d 131. The general rules and principles involved in those cases are also applicable to the present case. (See Miller-Hayman case) Briefly summarized, those rules and principles are as follows:
In any eminent domain proceeding the condemning authority is obligated by statute to come forward initially and show some reasonable necessity for the condemnation. Once this is shown the landowner must either concede the existence of a necessity or be prepared to show bad faith or gross abuse of discretion as an affirmative defense.
To satisfy the initial burden of showing some necessity the condemning authority is not required to prove absolute necessity. It need only show some reasonable necessity. Sibley v. Volusia County, 147 Fla. 302, 2 So.2d 578 (Fla. 1941). Mr. Grimes' testimony certainly establishes some necessity. The District Court characterized this testimony as only establishing a convenience. By this standard it is hard to imagine how a condemning authority could ever prove necessity. When a condemning authority is faced with choosing one of many alternatives it exercises a sound discretion in making the choice. The very fact that there is a choice shows that no alternative can be absolutely necessary.
The District Court's decision herein imposes upon the Canal Authority the burden of showing an absolute necessity for the fee simple and therefore is contrary to the principles of law announced by this Court in Inland Waterway Development Co. v. City of Jacksonville, 38 So.2d 676 (Fla. *138 1948); Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483 (Fla. 1947); Sibley v. Volusia County, 147 Fla. 302, 2 So.2d 578 (Fla. 1941); Robertson v. Brooksville & I. Ry., 100 Fla. 195, 129 So. 582 (Fla. 1930); Central Hanover Bank & Trust Co. v. Pan American Airways, 137 Fla. 808, 188 So. 820 (Fla. 1939); Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527 (Fla. 1929).
Reasons such as total management of the pool, saturation of adjacent lands, protection of the natural integrity of the perimeter of the pool, pollution control, etc. certainly show a reasonable necessity. These are factors which could reasonably be taken care of with an easement, but this does not negate the fact that a fee simple is also reasonable. This is the choice the Canal Authority had. It had at least two alternatives  easement or fee simple  both of which were reasonable. In order to disturb this exerise of discretion respondent had to show bad faith or abuse of discretion.
Unlike the Miller-Hayman case, the Canal Authority here did produce evidence to support the required allegation of necessity. Therefore, unlike the Miller-Hayman case, the Canal Authority did not fail to prove its case. The trial court recognized this and entered the Order of Taking. The District Court, First District, erred in reversing that order.
Accordingly certiorari is granted, the decision of the District Court is quashed, and the cause is remanded to the District Court with directions to reinstate the judgment of the trial court.
It is so ordered.
ERVIN, C.J., ROBERTS, ADKINS and BOYD, JJ., concur.
CARLTON, J., dissents.
THORNAL, J., heard the arguments, but died before this decision was rendered.