WALDEN, Judge.
Palm Beach County undertook to condemn certain land for beach and recreational purposes. The trial court adjudicated a lack of necessity and denied the County’s request for an order of taking. The County appeals. We affirm.
The Legislature in its wisdom per Section 127.01(2), F.S.1971, F.S.A., decided that the necessity of taking in such cases would be an issue to be determined as an issue of fact and law by the trial court. This is to be done as commanded by the Legislature “ * * * without regard to or presumption in favor of any prior determination by the county commissioners or the exercise of discretion by them.” Clearly this means that the decision will be a de novo undertaking with the trial judge empowered to assign such weight to the testimony of the several witnesses as he is advised and to decide the matter just as any other contested issue is decided.
With this frame of reference we have examined the record and reviewed the comprehensive order on appeal. There is testimony one way and the other and, being faced with the presumption of correctness that attends the circuit court decision, we are unable to say that an error has been committed which requires reversal. See Peavy Wilson Lumber Co. v. County of Brevard, Fla.1947, 159 Fla. 311, 31 So.2d 483; Dade County v. Paxson, Fla.App.1972, 270 So.2d 455.
Affirmed.
CROSS and MAGER, JJ., concur.