290 So.2d 105 (1974)
CITY OF JACKSONVILLE, Appellant,
v.
Josephine K. MOMAN and Lawrence C. Moman, Her Husband, Appellees.
Nos. S-442, S-479.
District Court of Appeal of Florida, First District.
February 21, 1974.
*106 T. Edward Austin, Jr., and William Lee Allen, Jacksonville, for appellant.
Horace E. Hill, Daytona Beach, and Jennings H. Best, Jacksonville, for appellees.
RAWLS, Chief Judge.
By this appeal, the City of Jacksonville poses the following point, viz: "Whether the court erred in denying the right of plaintiff [appellant] to acquire defendants' [appellees'] property by eminent domain." This controversy involves a large area designated by the Jacksonville City Council as a slum which, in the opinion of the city planners, should be developed into a private medical use area. The city alleged specifically in its complaint for eminent domain that "[t]he property described below is needed for the clearance and redevelopment of a slum area designated by the City Council of the City of Jacksonville ...." Appellees Moman resisted the city's attempted seizure of their property which they had enjoyed as a home place for some 37 years.
In attempting to establish its right to condemn the block in which appellees' home is located, appellant's own witnesses admitted that the block as a whole consisted of standard property. In speaking of the general area in which appellees' property is located, one city witness stated, "... . [W]e thought it would be much better regardless of urban renewal or no urban renewal to change the use from residential to a medical oriented use, and we decided to acquire the property even though it's standard in nature."
Appellees also adduced considerable testimony to the accord that the particular block in which their home is situated is not a slum area and is not needed for clearance and redevelopment. The Momans further proved, apparently to the satisfaction of the trial judge, that a motive of the city in acquiring this particular block was to sell same to the privately owned and operated Methodist Hospital for use by the hospital in constructing its own private professional building; and that the sale by the city of appellees' home place to the hospital for the hospital's private use would result in the city receiving from the federal government a non-cash credit for redevelopment by the city of other land.
After having heard all the evidence, the trial judge concluded:
"There is no constitutional question involved, if it was, I would hold the Act to be constitutional. The Court finds that the area under consideration by the petition is partially a slum area and that generally the City can condemn the lands therein; that if the defendants Moman's property was within or surrounded by, slum or blighted areas, then it could be *107 condemned despite the fact that it, per se, might not be sub-standard, and, if so taken, could under proper circumstances be devoted to private purposes. However, I do not find that the particular property owned by defendants Moman is slum, blighted or sub-standard, nor was the area surrounding the Moman property, slum, blighted or sub-standard, neither were the houses on a majority of the lots in the particular area in question, bounded by Jefferson Street on the East, Eighth Street on the North, Illinois Street on the West, and Methodist Hospital and Hogan Creek Canal on the South, slum or blighted. It appears that there were seven sub-standard homes or buildings, in the block, but six of them were at the opposite end of the block; of apparently 20 lots in the block, five had sub-standard buildings, and four of such lots were at the opposite end of the block. The particular block in question is at one extremity of the proposed development, and defendants Moman's property is on an isolated portion near the end of Illinois Street on the Westerly boundary, not in the middle of, nor surrounded by, sub-standard properties. This block could, if any part is needed in the development, be divided or cut in half. The several houses adjoining the Moman property, as shown by defendants' Exhibit 2, were not sub-standard and could have easily been excluded from this program. The City has failed to establish any necessity for the taking of the particular property referred to. .. ."
Even in this enlightened era of "big brother knows best", the right of an individual to own and acquire property must be safe-guarded against an arbitrary taking by the sovereign. The power of eminent domain is one of the most harsh proceedings known to the law, and a strict construction will be given against a political unit which arbitrarily and unreasonably attempts to exercise such power. Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483 (1947), 172 A.L.R. 168; Sapp v. Hillsborough County, 262 So.2d 256 (2 Fla.App. 1972); Brest v. Jacksonville Expressway Auth., 194 So.2d 658 (1 Fla.App. 1967) affirmed 202 So.2d 748 (Fla. 1967), 20 A.L.R.3d 854.
As reflected above, the trial judge found that the city failed to carry its burden of proving by competent and substantial evidence that the property described is needed for the redevelopment of a slum area. The citizens of this state are vested with inalienable rights which should and must be protected by the judicial system. Otherwise, our form of government is transformed into a totalitarian state. The city may designate an area as a slum, but such designation does not make it a slum.
The city vociferously argues that pursuant to Grubstein v. Urban Renewal Agency of City of Tampa, 115 So.2d 745 (Fla. 1959), that it is the characteristic of the area that must control and not the condition of an individual parcel. With this concept we agree; however, the record in this case reflects that the city bypassed numerous slum parcels in order to reach this block which, by its own admission, is not a slum. The city planners and sociologists decided that this neighborhood needed to be wiped out in order to provide a "cohesive" area compatible with the existing installations. Such a conclusion is not in this jurisdiction a basis for seizing property owned by a citizen.
The judgment appealed is affirmed.
WIGGINTON and CARROLL, CHARLES A., Associate Judges, concur.