299 So.2d 90 (1974)
Frank Lee GRIFFIN and Sophie Lee Griffin, His Wife, Individually and D/B/a F.L. Griffin Company, Inc., Petitioners,
v.
CITY OF JACKSONVILLE, a Municipal Corporation, Respondent.
No. U-136.
District Court of Appeal of Florida, First District.
August 6, 1974.
Rehearing Denied September 9, 1974.
O.O. McCollum, Jr., Thames & McCollum, Jacksonville, for petitioners.
T. Edward Austin, Jr., and William Lee Allen, Jacksonville, for respondent.
*91 JOHNSON, Judge.
This is on Petition for Writ of Certiorari to review an Order of the Circuit Court of Duval County, Florida, denying the landowners' (Petitioners herein) motion for leave to amend their answer in a condemnation suit instituted by the City of Jacksonville.
The motion set out in detail the proposed particulars in which the defendants wanted to amend their answer.
The Order of Taking of the subject land was entered on June 20, 1973. The defendants filed their first amended answer on June 1, 1973, in which the defendants alleged that they were without knowledge as to allegations in the paragraph of the Complaint in which the City of Jacksonville claimed to need the lands in question and the purpose for which it is needed, being paragraphs 3 and 4. A notice was served on the defendants on June 5, 1973, that the entry of the Order of Taking would be heard on June 20, 1973. On June 20, 1973, the trial court, without taking any testimony or receiving any other evidence on the question of the necessity of the taking, entered its Order of Taking, reciting therein, (Paragraph Two):
"That the pleadings in this cause are sufficient, and the plaintiff is properly exercising its delegated authority."
Some testimony was taken at this hearing on the question of appraisals, damages and compensation, but none was taken on the question of necessity of taking the lands in question or for what purpose.
It was error on the trial court's part when he entered the Order of Taking, supra, without requiring the condemning authority to present sufficient evidence of necessity of taking as is initially required before any burden shifts to the landowner. When the condemning authority does not present any evidence, the petition for condemnation fails even though the landowner has offered no evidence supporting his position. The resolutions of the condemning authority reciting its findings for need of the land, does not constitute proof of necessity.[1]
The Ball case, supra, was handed down by the Supreme Court of Florida, on or about July 18, 1973. The trial of condemnation of the Petitioners' land was set for September 5, 1973, and the motion by the defendants to amend their answer in the light of the Ball decision was filed July 30, 1973, and the order denying the motion was filed August 21, 1973.
At the time of the filing of the motion, which is the subject question involved in the Petition herein, there was sufficient time between that date, July 30, 1973, and September 5, 1973, to afford the condemning authority ample time to reply to, or to correct the error in the proceedings before trial time. In view of the holding of the Supreme Court of Florida in the Ball case, supra, it was an abuse of discretion of the trial court not to grant the motion to amend. The proposed answer alleged (in the motion) a jurisdictional question which should have caused the trial court to grant the motion. The petition for certiorari was timely filed to review the order of August 21, 1973.
The Order is reversed and the matter remanded to the lower court for further proceedings.
The fact that the defendants had, by order of court, drawn down the deposit made pursuant to the Order of Taking does not alter this opinion, except that the trial court should track the statute when the deposit is withdrawn from the Clerk of the Circuit Court.
Reversed and remanded.
SPECTOR, Acting C.J., and BOYER, J., concur.
NOTES
[1] Ball v. City of Tallahassee, 281 So.2d 333 (Fla. 1973).