PER CURIAM.
The City of Miami, plaintiff, appeals from a final judgment entered in favor of the defendant landowners and tenants on the issue of public necessity for the taking of their property in an action for eminent domain.
The City of Miami filed a complaint in circuit court seeking to acquire certain *444 parcels of property by virtue of its eminent domain authority, alleging that the property was necessary for a public park and recreational facility. Defendants Cox, Du Puch and Kreidt, the owners, and defendants, Riverside Boats, Inc. and Ribas Commercial Corp., the tenants, filed answers denying necessity for the taking. Following a non jury hearing, the trial court held that the City of Miami failed to show public necessity, and entered a final judgment in favor of the defendants, reciting its conclusion that “. . . the City of Miami is premature in its desire to place a public park in this area and that there is, therefore, no public necessity at this time for the proposed park.”
From this judgment, the City of Miami appeals, contending that necessity was proved and that the court abused its discretion in holding that the taking was “premature.” The defendants contend that since the issue of necessity for the taking was raised, the burden of proof was on the City to show proof of necessity and that a mere resolution does not raise the presumption of necessity.[1] We agree.
The necessity for the exercise of the eminent domain power is ultimately a judicial issue of fact and law for the courts. City of Lakeland v. Bunch, Fla., 1974, 293 So.2d 66. The defendant landowners and tenants do not enter a court of law with the burden of proof. Where the issue of necessity is raised, the condemning authority must initially come forward with proof that there is a public purpose for the taking and a reasonable necessity that the land in question be taken for the contemplated use. Wilton v. St. Johns County, 1929, 98 Fla. 26, 123 So. 527; Ball v. City of Tallahassee, Fla., 1973, 281 So.2d 333, 336; City of Lakeland v. Bunch, supra, 293 So.2d page 69. Strong public demand or desire is not sufficient; there must be public necessity. Peavy-Wilson Lumber Company v. Brevard County, 1947, 159 Fla. 311, 31 So.2d 483, 487. The resolutions of the condemning authority reciting its findings for the need of the land, does not constitute proof of necessity. Ball v. City of Tallahassee, supra; Griffin v. City of Jacksonville, Fla.App.1974, 299 So.2d 90, 91. The trial court’s determination on the issue of necessity arrives in this court clothed with a presumption of correctness. Palm Beach County v. Inlet Bay Club, Inc., Fla. App.1973, 280 So.2d 692.
Having reviewed the record in the context of the foregoing rules of law, and having found no error requiring reversal, the judgment on appeal is, therefore, affirmed.

. Compare § 127.01(2), Fla.Stat.