SCHWARTZ, Judge.
The appellants are the owners of one of several parcels of land in downtown Miami sought to be condemned by Dade County. They appeal, pursuant to Fla.R.App.P. 9.130(a)(3)(C)(ii), from an order granting the county the right to immediate possession of the property under the “quick taking” provisions of Chap. 74, Fla.Stat. (1977). We reverse upon the holding that, as a matter of law, the county did not meet its burden of showing a reasonable necessity for the taking of the property in order to serve the public purpose it asserted for the condemnation.
The petition filed by the county contained the following statement as to the “use for which the property is to be acquired . . ” as required by § 73.021(1), Fla.Stat. (1975):
“The specific property, hereinafter described, is needed for the public purpose of urban renewal contemplating the clearing and redevelopment of a slum area, and is necessary for such use and purpose. The petitioner has located the area of the urban renewal project and intends in good faith to carry out the urban renewal program designated County Community Development Program Area No. 10, Central Miami, Downtown, upon the said described poperty [sic].” (emphasis supplied)[1]
The declaration of taking, filed pursuant to § 74.031, Fla.Stat. (1975), stated similarly:
“. . . that it has become necessary that the land, which is the subject of the condemnation in said proceedings be taken for the immediate public use by said petitioner for urban renewal purposes in connection with the clearing and redevelopment of a slum area.” (emphasis supplied)
In answer to the petition, the present appellants contended, among other things, that there was no reasonable necessity for the taking of their property for the purpose alleged by the county. This response placed the burden on the condemning authority to establish, in the first instance, that such a reasonable necessity existed. City of Jacksonville v. Griffin, 346 So.2d 988 (Fla.1977); Dade County v. Oolite Rock Co., 311 So.2d 699, 701, n.2 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 20 (Fla.1976); Griffin v. City of Jacksonville, 299 So.2d 90 (Fla. 1st DCA 1974), cert. denied, 304 So.2d 125 (Fla.1974). At the hearing below, however, the county initially did nothing more than introduce the authorizing resolution of the commission with its attachments, and rest.[2] The landowner then presented extensive testimony in support of its claim that its land was neither slum property nor in a slum area and that its taking was not necessary to achieve the *279 public purpose the county had alleged. Only in rebuttal did the county put on the evidence it now relies upon to support the taking and the order below. Even that testimony, however, simply does not do so. The county’s case in rebuttal consisted of the testimony of Martin Fine, the chairman of a committee concerned with the proposed project, and Melvin Adams, the Director of the Dade County Department of Housing and Urban Development. Both men testified that the “public purpose” for the acquisition was, as Mr. Fine said:
“. . . for construction of the college facilities and housing in that entire block and the blocks to be taken on the opposite side from Third to Fourth Street, as one overall program for major campus expansion of the existing community college.” [3]
It is apparent that this “public purpose” is not, on its face, the one alleged in the petition and the declaration of taking, that is, “urban renewal contemplating the clearing . . . of a slum area . .” Even more importantly, neither Mr. Fine nor Mr. Adams, who said only that there was slum property in the “general area” of, but not including the property in question,[4] gave any reason why the appellant’s parcel was reasonably necessary, convenient, or even related to the achievement of that purpose. In fact, the only evidence at all relating to this issue consists of the following statement of Mr. Adams:
“Q In your estimation as director of housing and development, is such a parcel necessary for a public purpose?
A Yes.”
It is plain that this bare and conclusory opinion on a legal issue, which contains no supporting reasons, has no evidentiary value whatsoever. See 7 J. Wigmore, Evidence (Chadbourn rev. 1978), § 1960, p. 131, and cases collected at n.5.
As our supreme court held in City of Jacksonville v. Griffin, supra, at 346 So.2d 990:
“. . . there is a two-tier model to be observed when determining whether a condemning authority has met its burden of proving reasonable necessity for the taking. In the first instance, the condemning authority is obliged to show a reasonable necessity for the condemnation. Canal Authority v. Miller, supra, 243 So.2d at 134. . . . Although it will not be presumed that a condemning authority abused its discretion or acted illegally or in bad faith in making its finding of reasonable necessity in a resolution of taking, such authority, in order to meet its burden, must put on some evidence of reasonable necessity for the taking . . . ” [emphasis supplied]
Since this record shows that the county introduced no competent evidence whatever of “reasonable necessity” for the purpose alleged in the petition,[5] it follows that its burden has not been met and that the order of taking cannot stand.[6] Canal Authority v. Miller, 243 So.2d 131 (Fla.1970); contrast Canal Authority v. Litzel, 243 So.2d 135 (Fla.1970). It is therefore reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.

. Attached to the petition was the county commission resolution authorizing the condemnation of the property in question “for community development.” No specific statutory or code authority for the taking was cited either in the resolution or the petition. And, although the county may have been proceeding under the Community Development Act, §§ 163.330, et seq., Fla.Stat. (1977), no finding of necessity required by § 163.355, Fla.Stat. (1977) was attached to the petition or introduced into evidence at the hearing below. Compare City of Jacksonville v. Griffin, 346 So.2d 988, 989 (Fla. 1977).

. This was clearly insufficient to sustain the county’s burden, Canal Authority v. Miller, 243 So.2d 131, 135 (Fla.1970); City of Jacksonville v. Griffin, supra; City of Miami v. Cox, 313 So.2d 443, 444 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 15 (Fla.1976).

. Mr. Adams stated that an additional purpose was “to provide some senior citizens public housing.”

. See City of Jacksonville v. Moman, 290 So.2d 105 (Fla. 1st DCA 1974), cert. denied, 297 So.2d 570 (Fla.1974); Dade County v. Paxson, 270 So.2d 455, 459 (Fla. 3d DCA 1972).

. The record here contains neither a comprehensive development plan nor any of the documents which the court in the Griffin case held sufficient to constitute “some evidence of reasonable necessity.”

. Our holding makes it unnecessary to consider the other arguments the appellants advance for reversal.