## DADE COUNTY v. SIERRA, et al.
### No. 81-7974-CA-11
Eleventh Judicial Circuit, Dade County
September 24, 1981

Stephen J. Keating, Assistant County Attorney, for plaintiff.

Brian P. Patchen, Kelly, Black, Black & Earle, for defendants.

MILTON A. FRIEDMAN, Circuit Judge.

THIS CAUSE came on for hearing upon Petitioner's Petition in County Eminent Domain Proceedings and Declaration of Taking, and the Court having heard evidence, testimony and argument of counsel, and being otherwise fully advised in the premises, finds as follows:

1. The condemnor, Dade County, seeks to take defendants' commercial and business properties to construct a "Miami Riverfront Specialty Center." This specialty center will contain commercial retail businesses, shops, restaurants, and food markets. The express purpose of the taking is to make the property available to private contractors and businesses to own and operate the commercial retail shops, restaurants, and food markets in the specialty center.

2. The parcels sought to be condemned are business and commercial properties which are currently in use for such purposes, including a wholesale and retail fish market and automobile body and repair services. While some of the parcels allegedly contain substandard buildings, the area within the proposed project is not a slum or blighted area.

3. Dade County's representation that if the property is not used for the specialty center as planned, it could be used for housing, does not establish that the public purpose of the taking is for housing, or that the subject parcels are necessary for such purpose. The County already owns two whole blocks of vacant property in the area that are available for housing. These vacant county properties are themselves a blighting influence upon the subject area. There are no plans in existence for the construction of any housing on the premises. There has been no determination that the taking of the subject parcels is necessary for the

construction of housing, and the taking is therefore premature. *Katz v. Dade County,* 367 So.2d 277 (Fla.3d DCA 1979); *City of Miami v. Cox,* 313 So.2d 443 (Fla.3d DCA 1975).

4. The proposed taking constitutes the attempt by Dade County to take private commercial property for a private commercial use by persons other than the property owners, and therefore, constitutes an unconstitutional deprivation of property without due process of law. The incidental "public benefit" which may result from construction of a speciality center operated by private entrepreneurs other than the present property owners does not constitute a public use or establish that the taking is necessary. *Baycol, Inc. v. Downtown Development Authority,* 315 So.2d 451 (Fla. 1975); *Adams v. Housing Authority of City of Daytona Beach,* 60 So.2d 663 (Fla. 1952).

The Court finds that the taking is premature. The Court urges that the condemnor get together with the owners or tenants of the subject parcels and relocate them without damaging their businesses. The Court would also urge that if the condemnor intends to construct housing on the property it seeks to take, that positive plans be promulgated to construct such housing. The Court would consider the taking as being for a public purpose if it were to construct a housing development.

It is therefore

ORDERED AND ADJUDGED that the Dade County petition in eminent domain and the application for an order of taking is hereby denied.