459 So.2d 354 (1984)
The SCHOOL BOARD OF BROWARD COUNTY, Florida, Appellant,
v.
C.E. VIELE, et al., Appellees.
No. 84-481.
District Court of Appeal of Florida, Fourth District.
October 31, 1984.
Rehearings Denied December 18, 1984.
*355 Edward G. Stephany of Marko, Stephany & Lyons, Fort Lauderdale, for appellant.
Robert A. Ware of English, McCaughan & O'Bryan, Fort Lauderdale, for appellees, C.E. Viele and Margaret Viele.
William G. Earle of Earle & Patchen, P.A., Miami, for appellees, James C. Gavigan and Valerie V. Gavigan.
BARKETT, Judge.
This is an appeal from an order denying a petition for an order of taking pursuant to eminent domain powers. We reverse.
In the late 1960's the School Board of Broward County determined that it needed a new administration building. An architectural firm was hired, and after examining the feasibility of a number of sites the firm recommended two; the present location of the School Board offices, or "westside" site, and a "downtown" site. Some months later, the School Board decided on the downtown site and authorized its attorneys to proceed with the acquisition of the necessary parcels.
The chosen property originally consisted of 12 parcels of land. The School Board acquired title to five of these parcels through negotiated purchases. Of the remaining seven parcels, one is to be taken by the School Board after a judicial determination of value, and one is held by the School Board subject to a leasehold interest possessed by Western Union.
The School Board could not secure title to the remaining five parcels, and accordingly sought an order of taking under its eminent domain authority. After a lengthy hearing, the trial court denied the School Board's petition for a declaration of taking. Appellant contends that the trial court applied an incorrect rule of law in assessing the necessity of the taking and reviewing *356 the decision of the condemning authority as to its choice of location.
The issue of necessity in general is not in question here, as all parties agree that Broward County needs a new school administrative building. The issue of necessity in this case pertains to the choice of location and the amount of property to be condemned. The property owners argue that the "westside" site is the better location and therefore there is no necessity for the condemnation of property in the "downtown" site.
It is well established, however, that condemning authorities enjoy broad discretion in determining which property and how much of it is necessary for public purposes. "Unless a condemning authority acts illegally, in bad faith, or abuses its discretion, its selection of land for condemnation will not be overruled by a court." Catholic Burse Endowment Fund v. State Road Dept., 180 So.2d 513 (Fla. 2d DCA 1965), cert. denied, 188 So.2d 814 (Fla. 1966).
Accordingly, the standard to be employed by the trial judge in reviewing this declaration of taking is limited to a determination of whether or not the condemning authority has abused its discretion:
Once a condemning authority decides that a taking is necessary, selects one of the alternatives open to it, and applies to a court for approval of the taking, the role of the court is limited to assuring that the condemnor acted in good faith, did not exceed its authority, and did not abuse its discretion.
Hillsborough County v. Sapp, 280 So.2d 443 (Fla. 1973). See also Florida Power & Light Company v. Berman, 429 So.2d 79 (Fla. 4th DCA), pet. for rev. denied, 436 So.2d 98 (Fla. 1983).
The trial judge's obligation in reviewing a decision of a condemning authority is analogous to that of this court's review of a trial court's discretionary powers. The Florida Supreme Court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), has attempted to clarify and define the test to be used in measuring an abuse of discretion:
If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
Id. at 1203.
In order to properly exercise its discretion, the condemning authority must consider and weigh the following: (1) availability of an alternate site; (2) costs, (3) environmental factors; (4) long-range area planning; and (5) safety considerations. Florida Power & Light Company v. Berman, supra. The court in Berman, in discussing the similar issue of alternate routes, noted:
Admittedly a condemning authority does not necessarily abuse its discretion by choosing one route over another equally suitable route. However, a condemnor does abuse its discretion by making route selection determination without first properly considering and weighing the relevant factors considered determinative by Florida appellate courts.
Florida Power & Light Company v. Berman, supra, at 82, quoting Florida Power Corp. v. Gulf Ridge Council, 385 So.2d 1155, 1156 (Fla. 2d DCA 1980).
In the case before us, a review of the record demonstrates that the School Board considered and weighed the relevant factors prior to making its decision. The trial court, however, applied an incorrect rule of law and in essence substituted its judgment for that of the School Board. In its oral denial of the order of taking, the trial court stated:
Now, this brings us to the question of whether or not a necessity, a real necessity, has been shown or whether or not an abuse of discretion has been demonstrated here, and it boils down to the question, in my view, of whether or not, as opposing these two sites, the downtown *357 site is not merely preferable to the westside site, but rather it's so vastly preferable or so ideally located in all its ramifications as to render the westside site an unacceptable alternative, because I respectfully suggest to you that is what it boils down to. (emphasis supplied)
One need only show a reasonable necessity to take a particular parcel, not an absolute or "real" necessity. Canal Authority v. Litzel, 243 So.2d 135 (Fla. 1970). The record and briefs demonstrate that both sites have their good points and bad points, and if reasonable men can differ as to the propriety of the action taken, a trial court cannot say that the School Board abused its discretion. Nor can the trial court substitute its judgment for that of the School Board.
Accordingly, the order denying the petition for order of taking is reversed, and the trial court is directed to enter an order of taking for the parcels in question.
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.