ALTENBERND, Judge.
Hillsborough County appeals an order of taking in an eminent domain proceeding. The County petitioned to take five acres of property adjacent to Nye Park. The land was owned by Lutz Realty. The trial court’s order permitted a taking of only one-half acre. We affirm the order of taking because this case involves a taking of property for recreational purposes. In such a case, it is the county’s burden to prove reasonable necessity “without regard to or presumption in favor of any prior determination by the county commissioners or the exercise of discretion by them.” § 127.01(2), Fla.Stat. (1987). In this case, the trial court determined that Hillsbor-ough County had proven reasonable necessity for only one-half acre. Since that decision is supported by substantial, competent evidence and does not constitute an abuse of discretion, we must affirm.
I. JURISDICTION
Lutz Realty challenges this court’s jurisdiction on appeal. Hillsbor-ough County filed a timely notice of appeal and is aggrieved by the trial court’s refusal to allow a taking of four and one-half acres to improve recreational facilities at the park. Lutz Realty correctly observes that, although the order denies the taking of four and one-half acres for additional recreational facilities, it permits the taking of one-half acre for additional parking. It is undisputed that the County deposited the required sum of $30,000 in the circuit court registry; Lutz Realty withdrew that amount; and the County now owns the one-half acre. Thus, Lutz Realty argues that the County can no longer appeal the order because it accepted the benefits of the- order. See Lovett v. City of Jacksonville Beach, 187 So.2d 96 (Fla. 1st DCA 1966), appeal dismissed, 200 So.2d 179 (Fla.1967).
Lutz Realty’s reliance on the “acceptance of benefits” rule is misplaced. The rule does not apply to situations where the “relief denied is separate and severable from the relief granted.” Hunt v. First Nat’l Bank of Tampa, 381 So.2d 1194, 1196 (Fla. 2d DCA 1980). See State Road Dep’t v. Hartsfield, 216 So.2d 61 (Fla. 1st DCA 1968). In this case, the denial of the taking of the four and one-half acres is separate and severable from the taking of the one-half acre.
II. THE PROBLEM AT NYE PARK
Hillsborough County created Nye Park in the early 1970s as a program park to serve the community of Lutz. The ten-acre park has a softball diamond, various play areas, a picnic shelter, a restroom building, tennis courts, and a parking area. Because of growth in the community, the Department of Parks and Recreation for Hillsbor-ough County received complaints from users and from the Lutz Civic Association in 1987 that the park had become overpopulated and created a potential safety problem. The department studied the problem and concluded that the parking area was inadequate, and that the facilities at the park should be expanded. It determined that the park needed additional play fields, softball diamonds, picnic shelters, and play apparatus.
The department presented its case to the Hillsborough County Parks and Recreational Board, which is an advisory board. After considering other properties surrounding Nye Park, the board recommended that the County purchase the five acres owned by Lutz Realty. After receiving this rec *1323 ommendation, the Board of County Commissioners passed a resolution on September 30, 1987, determining its need to take the property and authorizing this eminent domain action.
III. THE HILLSBOROUGH COUNTY PARK SITE IMPROVEMENT PROGRAM ORDINANCE
The County’s decision to take this property is complicated by an ordinance adopted in June 1985. Ordinance 85-25E, commonly known as “The Hillsborough County Park Site Improvement Program Ordinance,” was adopted following considerable public testimony, staff recommendations, and study by the board of county commissioners. The ordinance is generally designed to identify deficiencies in existing parks, predict the need for an expanded park system, prioritize the competing economic demands for recreational facilities, and determine funding sources to meet the County’s park needs.
The lengthy ordinance categorizes Nye Park as a neighborhood park. The ordinance states that:
A neighborhood park shall have a service area defined by a radius of approximately two (2) miles. It shall have a minimum land size of five (5) acres and shall be designed in such fashion as to serve approximately three thousand one hundred twenty-five (3,125) people. The property required per one thousand (1,000) people for a neighborhood park is 1.6 acres.
The ordinance also specifies certain minimum facilities for a neighborhood park. The next larger park under the ordinance is a district park, which is intended to serve a radius of approximately five miles and have a minimum of twenty acres.
In section VII, the ordinance provides that the identification of existing deficiencies in established parks is the first step in the implementation of the County’s program. Exhibit “A” to the ordinance delineates the deficiencies which the county commission found in 1985. Concerning Nye Park, Exhibit “A” states that the park needs additional off-street parking, a playground for infants, additional restrooms, and walkways. The exhibit does not indicate that Nye Park needs additional land for softball diamonds, play areas, or other recreational facilities. Exhibit “A” also states that “additional parks,” involving 114 acres of new land, will be needed in the northeast section of Hillsborough County. The ordinance does not clearly state whether the “additional parks” category is intended to include expansion land for existing parks.
The ordinance establishes a five-year program to eliminate the deficiencies stated in Exhibit “A”, and contemplates that new projects will not be undertaken during the five-year program unless they are described in the ordinance. The ordinance provides that it can be amended by the county commission “in accordance with those-procedures required for adoption of amendments to County ordinances.”
In both the trial court and this court, the parties have disputed: (1) the reasonableness of the two-mile radius used to determine the appropriate size of a neighborhood park; (2) whether a neighborhood park under the ordinance can be designed to serve more than 3,125 people; (3) whether the “additional parks” contemplated in the northeast sector of the county can be used to expand existing parks; and (4) whether the County can determine a deficiency in the size of Nye Park without first amending the ordinance. Because of our holding in this case, these issues require no resolution.
Ordinance 85-25E is essentially a guideline for decisions by the Hillsborough County Commission. Since the County must prove a reasonable necessity to take this land in a de novo proceeding before the circuit court, without regard to the county commission’s prior determination, this ordinance is merely persuasive in the circuit court proceeding. To the extent that the judgment could be interpreted as *1324 invalidating portions of Ordinance 85-25E, we disapprove that language because it was not essential to the trial court’s determination of the taking issue. The trial court was free to accept or reject the factors described in the ordinance while making its independent determination of reasonable necessity. The validity of the ordinance and the County’s reliance on the ordinance in its own actions were not at issue in this case.
IV. THE BURDEN OF PROOF IN A STANDARD EMINENT DOMAIN PROCEEDING v. THE BURDEN OF PROOF IN AN ACTION TO TAKE PROPERTY FOR RECREATIONAL PURPOSES
Hillsborough County’s difficulties in this case stem from its failure to appreciate the different burden of proof applicable in an eminent domain proceeding involving land for recreational purposes. In a typical eminent domain proceeding in which the condemnor takes land for a government building or a road right-of-way, a two-tier burden of proof exists. Initially, the con-demnor must establish a reasonable necessity for condemnation. Once reasonable necessity has been established, the landowner can overcome the petition by affirmatively proving that the condemnor’s decision to take the land is illegal, in bad faith, or an abuse of discretion. Canal Auth. v. Litzel, 243 So.2d 135 (Fla.1970); City of Jacksonville v. Griffin, 346 So.2d 988 (Fla.1977); School Bd. of Broward County v. Viele, 459 So.2d 354 (Fla. 4th DCA 1984), review denied, 467 So.2d 1000 (Fla.1985).
Because the condemnor’s decision to take property in a typical eminent domain proceeding is a discretionary decision, the trial court reviews that decision under a limited standard of review. That standard merely requires evidence to prove that the condemnor did not abuse its discretion in determining that the taking is reasonably necessary. Viele. Thus, the con-demnor is required to present evidence that it considered various factors, including: (1) availability of an alternate site; (2) costs; (3) environmental factors; (4) long-range area planning; and (5) safety considerations. Viele. Once the trial court receives evidence which reasonably supports the condemnor’s discretionary determination of reasonable necessity, the trial court must approve the condemnor’s decision, unless the landowner presents additional evidence establishing an abuse of discretion, bad faith, or illegality.
By contrast, a condemnation for recreational purposes involves a different standard of review. Section 127.01(2) specifies that the landowner in such a proceeding shall
have the right to present an issue before the court as to the necessity for the proposed taking, and the amount of land required for the purpose sought, and thereupon it shall be the duty of the court to receive and hear all relevant testimony on the issues created, and the court shall determine such issues as other issues of fact and law are determined before the court in equity, without regard to or presumption in favor of any prior determination by the county commissioners or the exercise of discretion by them.
In a very real sense, this statute transforms the trial court into the condemning authority. The county which desires to take land for recreational purposes must come before the trial court and present evidence on all of the appropriate factors so that the trial court can determine by the greater weight of the evidence that the taking is reasonably necessary. This is a trial “de novo ... with the trial judge empowered to assign such weight to the testimony of the several witnesses as he is advised and to decide the matter just as any other contested issue is decided.” Palm Beach County v. Inlet Bay Club, Inc., 280 So.2d 692 (Fla. 4th DCA), cert. dismissed, 283 So.2d 366 (Fla.1973). See also Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483 *1325 (1947).[1]
V. THE COUNTY’S EVIDENCE IN THE TRIAL COURT
Hillsborough County went to trial on the assumption that it could rely on its discretion and merely present evidence of the decision-making process in the Hillsbor-ough County Parks and Recreational Board and in the Hillsborough County Commission. Thus, the County presented little or no evidence to establish that it was preferable to expand Nye Park rather than build another park in the northeast sector. On the issue of reasonable necessity, the County presented only one witness, its director of parks and recreation. His testimony was very brief.
While the factors to be considered by a trial court in determining reasonable necessity for the expansion of a park may be different than the factors described in Viele for a typical condemnation, suffice it to say that the County did not present to the trial court the type of evidence which a reasonable person would need before authorizing this condemnation. The County, however, did present sufficient evidence to establish a reasonable need for additional parking. Thus, the trial court appropriately condemned the one-half acre.
Affirmed.
CAMPBELL, C.J., and SCHOONOVER, J., concur.

. We note that the statute which eliminated any presumption or discretion in favor of the county commission was adopted in 1945. Ch. 22802, Laws of Fla. (1945). The legislature undoubtedly had a valid reason to eliminate the county commission’s discretion concerning recreational land at that time. In 1945, however, zoning was in its infancy, and comprehensive land use planning was primarily a futuristic theory. After forty-five years of rapid growth and a new emphasis upon comprehensive, long-range plans for land use, it might be appropriate for the legislature to revisit this issue. The judicial forum seems to be an unusual forum in which to make land use decisions which affect many persons who will not be parties to the litigation. These decisions seem to lend themselves more to resolution in the type of public hearing which county commissions and planning boards provide.