ERVIN, Judge.
Alachua County appeals a nonfinal order in an eminent domain proceeding denying its request for fee-simple title and instead granting it a perpetual maintenance easement over certain property owned by appel-lee, Jerry Leon Wagner. Alachua County contends that the trial court erred in concluding that it had not shown a reasonable necessity for the fee-simple taking and erred in requiring the county to show additional factors to justify a taking for a recreational purpose. We agree and reverse.
A narrow, single-lane, unpaved road runs along the south side of the Lake Alto Canal in Alachua County. Wagner owns a small .155-acre piece of the southern canal bank and a portion of the western end of the road, which briefly curves across the northwest corner of his property. On November 3, 1989, pursuant to Resolution 89-102 issued by the Alachua County Board of County Commissioners, the county attorney instituted condemnation proceedings in circuit court. The petition in eminent domain specifically stated that the .155 acres in question was being acquired for road purposes as “part of an access road to be used to maintain the canal and as road for public access,” therefore requiring that the county seek a fee-simple interest in the property.
Alachua County Director of Public Works, Edwin Culpepper, testified by deposition that the county has used and currently uses the road to access the entire length of the canal for the purpose of performing routine maintenance to the canal and has maintained the road since at least 1973, and possibly since 1959. Culpepper testified that the general public also uses the road to gain access to the canal and to Lake Alto, and has done so for at least as long as the county has maintained the road. Alachua County Assistant Director of Public Works, Alan Hardin, testified that Wagner’s property blocks entrance to the canal-access road because it is located at the beginning of the road. He said the canal was constructed from the south side where the road is located, and that the canal can *950 not be maintained from the north side, which is heavily treed, swampy, and basically inaccessible. Hardin maintained that it would be convenient for the county to occasionally park its equipment on the canal bank because it is difficult to maneuver on the narrow road.
Wagner and his neighbor, Frances Routh, who owns approximately 130.7 acres adjacent to the canal roadway, each testified that the public’s intermittent use of the road has been a source of frustration and concern. People have dumped trash and debris, burned tires, discharged firearms, and raced their vehicles along the roadway. Sometime in 1989, Wagner erected a fence across the roadway that prevented the public as well as the county from using the road.
On July 19, 1990, the circuit court issued a nonfinal order finding that the county failed to meet its burden of proving reasonable necessity for taking fee-simple title. It also concluded that Alachua County had failed to produce sufficient evidence establishing a need for a taking for recreational purposes. The court did, however, find a reasonable necessity for a taking by easement. We disagree with the trial court.
In an eminent-domain proceeding, the condemning authority is required to establish some reasonable necessity for the condemnation. Once such is established, the landowner must show bad faith or gross abuse of discretion in order to defeat the taking. Canal Auth. v. Litzel, 243 So.2d 135, 137 (Fla.1970). A reviewing court is required to give deference to the condemning authority’s exercise of discretion in deciding to seek fee-simple title rather than an easement. Id. at 138. At the same time, “an acquiring authority will not be permitted to take a greater quantity of property, or greater interest or estate therein, than is necessary to serve the particular public use for which the property is being acquired.” Id. at 133.
In the case at bar, Alachua County claims that it established a reasonable necessity for fee-simple ownership of the Fractional portion of the Acreage in question, and we agree that the evidence recited above satisfied that burden. Wagner, on the other hand, argues that the trial court correctly found that the county did not meet its burden. In so saying, Wagner points to testimony of Alachua County’s witnesses to the effect that, if the county were given a perpetual maintenance easement, it could continue to maintain the canal and roadway. It is apparent from the following portion of the nonfinal order that the trial court was persuaded that an easement was more reasonable than fee-simple title:
Alachua County failed under [its] burden to produce sufficient evidence of the need for taking respondent’s property [in] fee simple title as its own agents testified that a perpetual maintenance easement could accomplish the County’s objectives.
However, this issue does not involve a weighing of reasonable options presented by competing parties. Once Alachua County presented evidence showing that the interest it sought was reasonable, it was irrelevant to the court’s decision that Wagner also presented evidence showing that the interest he preferred was reasonable. He was instead required to prove by competent, substantial evidence that the county’s conclusion was an abuse of discretion or was reached in bad faith. Hillsborough County v. Sapp, 280 So.2d 443, 445 (Fla.1973). Having reviewed the record, we conclude that Wagner failed to show either.
Because we decide the county met its burden, we do not reach the second issue raised. Although there was some evidence that the county intended the public to enjoy a recreational benefit from the taking, we conclude that the county met its burden of establishing that the primary purpose for condemning the property was for canal and road maintenance. Under the circumstances, the county was not required to meet the more stringent burden placed on a condemning authority seeking land for a purely recreational purpose.[1]
*951 The nonfinal order is REVERSED and the case REMANDED with directions to the trial court to issue an order granting Alachua County title to the property in fee simple.
JOANOS and MINER, JJ., concur.

. See Hillsborough County v. Lutz Realty & Inv. Co., 553 So.2d 1320, 1324 (Fla. 2d DCA 1989) *951 (construing Section 127.01(2), Florida Statutes (1989), re: eminent domain for recreational uses).