JORGENSON, Judge.
The County appeals from an order granting summary judgment to Potamkin Chevrolet to quiet title. For the following reasons, we reverse.

History of the Property

The property that is at the center of this controversy is adjacent to and in part over a canal that runs parallel to N.W. 57th Avenue in Miami Lakes. In the 1960s, two property owners conveyed to Dade County canal rights-of-way [“ROW’] and canal maintenance easements [“CME”] pertaining to that canal. When the deeds were conveyed, the canal was open.
In 1981, the County issued a permit to Capeletti Brothers, Inc. for the installation of a culvert — a corrugated metal pipe approximately seven feet in diameter and, in this case, 560 linear feet long. — to enclose a portion of the canal that was the subject of the easement. The installed culvert was eventually paved over with asphalt, so the property surface was undisturbed and closed, yet the canal water still flowed freely. The County’s permit contained the following conditions:
(a) No permanent structures are to be erected on the right-of-way.
(b) Only asphalt pavement will be allowed on the canal right-of-way over the proposed pipe.
(c) The use of the right-of-way will always be subordinate to the use of the canal and required maintenance. There will be no obligation on the part of the County to restore any areas which may be disrupted because of maintenance or other reasons.
(d) Proper zoning approval is required for proper use.
(e) No stormwater runoff to be discharged into the pipe or canal system.
, Class II permit required for any emergency stormwater discharge.
The permit further provided that
The Permittee shall be fully responsible for the conveyance to Dade County of the right of way and maintenance easements required for the canal or other water control facility covered by this agreement as shown on the permit drawings. The County shall have full control, jurisdiction, and use of the areas to be included in these rights of way and easement for proper purposes at all times after the date of approval of this agreement.
In 1981, the successor in interest to one of the original grantors of the ROWs and CMEs conveyed to Potamkin by warranty deed its interest in the fee simple title to the tract of land immediately west and adjacent to the canal right-of-way together with “any right, title and/or interest Grant- or may have (if any) to the canal right-of- *817 way lying East of the above property.” That same year, the remaining successor in interest conveyed to Potamkin, by warranty deed, its interest in the fee simple title to the tract of land immediately west and adjacent to the canal right of way subject to the CME, together with “any right, title, and/or interest Grantor may have (if any) to the Canal R/W lying East of the above property.”
The ROW and CME properties were used by Potamkin for vehicle storage and display. In 1992, the County attempted to convey a portion of the ROW property to the Florida Department of Transportation [DOT] to widen N.W. 57th Avenue. DOT filed an ejectment action against Potamkin to remove it from the disputed property. The County intervened; DOT and Potam-kin entered into a settlement whereby Po-tamkin conveyed to DOT a portion of the ROW property. As to the remaining disputed property, the trial court ruled that Potamkin holds fee simple to the ROW and CME portions, clear of any claims of the County.
We reverse. To establish that the County had abandoned its rights to the canal, Potamkin would have had to “demonstrate that there was a ‘clear affirmative intent to abandon’ the easement.” Leibowitz v. City of Miami Beach, 592 So.2d 1213, 1214 (Fla. 3d DCA 1992) (citations omitted). “Abandonment [of an easement] is a question of intent and he who asserts it, has the burden of proving it.” Dade County v. City of North Miami Beach, 69 So.2d 780, 783 (Fla.1953).
In the decades since the ROWs and CMEs were originally conveyed, the County has held continuous uninterrupted fee simple easements to the canal.[1] The original grantors gave the County the warranty deeds conveying rights of way and canal maintenance easements, vesting title in the property to the County, retaining only a right of reverter. The County did not abandon its rights to the canal when it issued the culvert permit; the terms of the permit could not have been more explicit. The County expressed its clear and unequivocal intent not to abandon or discontinue the canal when it conditioned the permit as follows:
The County shall have full control, jurisdiction, and use of the areas to be included in these rights of way and easement for proper purposes at all times after the date of approval of this agreement.
The County did nothing in the years after the culvert was built to indicate that it had abandoned its rights over the canal. When the grantors’ successors in interest conveyed their rights to Potamkin, Potam-kin took the property subject to the County’s easements and the rights the County had retained when it issued the culvert permit. The construction of the culvert did not extinguish the County’s easements; it did not, as Potamkin argues, extinguish the canal. Potamkin paved over the culvert, through which canal waters continue to flow, and used that paved area for its business. ' It has never paid any property taxes on the culvert area. For two decades, the County tolerated Potamkin’s use of the paved-over culvert area; Potamkin gave the County nothing in return. As counsel for the County aptly stated at oral argument, “No good deed goes unpunished.”
Furthermore, Potamkin never gave the County notice of its claim of reversion. “Appellees cannot effect a forfeiture or claim under the reversion clause without giving the grantor notice and an opportu *818 nity to comply. It is well settled that equity abhors a forfeiture. This is all the more true when the forfeiture is against the public.” Dade County v. City of North Miami Beach, 69 So.2d at 783.
Potamkin cites numerous other alleged indicia of abandonment of the canal by the County; we find no merit in any of them.[2]
In sum, we reverse the order under review and remand this matter to the trial court for further consistent proceedings.
REVERSED.

. Under Florida law, the County can own canal rights-of-way in fee simple. See Alachua County v. Wagner, 581 So.2d 948 (Fla. 1st DCA 1991).

. In the order granting summary judgment to Potamkin, the trial court made no findings of fact or conclusions of law, but merely recited the legal descriptions of the property for which title was being quieted.